LITTLE
ROCK,
July, 1838.

ASHLEY
*vs.*
BRASIL
and
LINDSEY.

CHESTER ASHLEY *against* BRASIL and LINDSEY, EXTRS.

APPEAL *from Pulaski Circuit Court.*

The Superior Court of the Territory of Arkansas, had appellate jurisdiction only in cases in which the amount in controversy was one hundred dollars or upwards.

An appeal taken to the Supreme Court, in a case in which that Court has no jurisdiction, is a nullity, and the recognizance of the appellant in the Court below to prosecute his appeal is void. The appellees sustain no injury by a non-compliance with its conditions, and no action lies upon it.

A dismissal of an appeal "for want of prosecution," is not a confirmation of the judgment below. The appellant may still have his writ of error and supersedeas. The dismissal of the appeal merely places the parties in the same situation as if no appeal had been taken.

A recognizance in appeal being conditioned, "that in case the judgment be confirmed, the recognizor will pay the debt, damages and costs," no breach of the condition accrues on a dismissal for want of prosecution.

In an action of debt on recognizance, the breaches must be proved as laid in the declaration. If the plaintiff declare upon an absolute promise, and a conditional one be proved, the variance is fatal.

The party declaring must prove the allegations according to their legal effect.

If the declaration be on a recognizance, conditioned "to pay the debt, damages and costs if the judgment be confirmed," and the breach assigned is "that the appeal was dismissed for want of prosecution," it is a fatal variance.

In such an action, it is error to render judgment by *nil dicit* for the whole amount of the recognizance. A writ of enquiry should be awarded, to assess the damages.

The appellee in this case recovered judgment before a Justice of the Peace, for the sum of ninety-eight dollars, exclusive of interest and costs, against Christian Brumback, Martin Guest, and Alexander S. Walker; and also three judgments, each for the sum of one hundred dollars debt, before the same Justice, against Christian Brumback and Edward Shurlds; in each of which cases the defendants before the Justice appealed to the Circuit Court of Pulaski county, where each appeal was dismissed, and judgment given for the costs of appeal, and that the plaintiffs before the Justice should have the benefit of their judgment before him, in each case. From these judgments appeals were taken in each case to the Superior Court of the Territory of Arkansas, and the appellant in this case, *Chester Ashley*, entered into recognizance in each case before the Circuit Court, as required by law; in one case together with Edward Shurlds, Benjamin Clemens and Kirkwood Dickey, and in the three other cases together with Clemens and Dickey; the recognizance in each being in the sum

of two hundred dollars, and conditioned that the appellants in each <span>LITTLE ROCK, July, 1838.</span> case should pay the original debt and damages, and all costs that had then accrued, or that might thereafter accrue, in case the judgments <span>ASHLEY</span> of the Justice and of the Circuit Court should be confirmed by the Supe- <span>*vs.* BRASIL</span> rior Court. The first mentioned case was afterwards dismissed from <span>and LINDSEY:</span> the Superior Court for want of jurisdiction in that court to try the same; and the other three cases were dismissed, for failure of the appellants therein to prosecute the same.

The appellees in this case then brought their action of debt on said recognizances in the court below, for eight hundred dollars debt, the aggregate amount of the recognizances. The declaration contains four counts, each alleging as a breach of the condition of the recognizance on which it is founded, the dismissal of the appeal for which the recognizance was taken, and the non-payment of the debt, damages and costs in each case. To each count the defendant below filed his separate demurrer, and the plaintiffs below joined in demurrer, and each demurrer being overruled, the plaintiffs took judg ment by *nil dicit* for the sum of eight hundred dollars, the debt demanded in the declaration. From that judgment the defendant below appealed, and assigned for error the insufficiency of the declaration; the overruling of the several demurrers; the variance between the obligation in the condition of each recognizance and the breach alleged; and the rendition of judgment for the whole amount of the debt claimed.

HALL, TRAPNALL and COCKE, for the appellant:

The demurrer should have been sustained, because the declaration does not allege a breach of the condition of the recognizances. The allegation is that the appeals are dismissed by the Superior Court for the want of jurisdiction, and judgment given for costs. The condition upon which *Ashley* was to be liable, was that the Superior Court should affirm the judgment of the court below. By dismissing, the court refused to affirm or reverse, or act upon the merits of the case in any way, and therefore as the " Superior Court " did not " affirm " the judgment of the court below, of course the appellant was not liable to the judgment rendered in the action of the appellees against him.

The judgment was rendered for the aggregate amount of the penalty in each recognizance; whereas it should have been, if given at all,

LITTLE ROCK, July, 1838.

ASHLEY vs. BRASIL and LINDSEY.

rendered for the debt due the appellees, together with the interest and costs. The obsolete common law principle, of making the penalty the debt by failure to perform the condition, has been too long exploded to need a citation of authority, and judgment cannot be rendered upon a penal bond with collateral conditions, except by jury, and the verdict is in damages. *Statute of 8, 9, William 3d, Chap. 11, Sec. 8., 7 Monroe, 122, McGuire v. Trimble.*

And further: Each of the judgments appealed from was under one hundred dollars, and therefore no appeal *by law* could be allowed to the Superior Court. See *Sec. 59, Page 334, Steele's Digest.* And therefore, as the appeal could not be granted, the recognizances are void in law, and no action could be maintained on them. 5 *Mass. Rep.* 376; *Howe's Pr.* 447.

FOWLER, *contra:*

It is contended by the appellees that this suit was well brought, and judgment regularly rendered against the said *Ashley.* That the legal effect of *dismissing the appeals for want of prosecution,* as three of them were, each being from a judgment for *more than one hundred dollars,* and the court having complete jurisdiction, is the same as though the judgments had been *formally confirmed* by the court, and the recognizors liable under the law. And the same principle applies to the case which was dismissed for want of jurisdiction. The object of an appeal is to obtain redress for a real or supposed grievance: the design of the recognizance is to secure the party delayed by the appeal from the benefit of his judgment;—and the failure to prosecute the appeal with effect, by any means or neglect whatever, in law or in fact, operates equally prejudicial to the party delayed, and inflicts the same injury upon him, as though the appellant had pursued his appeal until it was regularly *confirmed* against him. The appellant takes the appeal at his peril, and is liable to all the consequences, whether his appeal be taken without legal authority, dismissed for his neglect, *or technically confirmed* against him. Such Statutes as those authorizing appeals should be construed so as to give them effect; to protect the rights of the injured, not to countenance frauds. They should be construed according to their intent.

The Circuit Court, therefore, very properly overruled the demurrer to said declaration: each of the four counts setting forth legitimate causes of action, with proper averments and breaches.

Judgment *nil dicit* was rendered for the whole amount of the re- cognizances: Bail bonds and recognizances do not come under the Statutes, requiring the assignment of breaches and assessment of damages by a jury on penal bonds. See 1 *Tidd's Pr.* 511 et seq—2 *Bos. & Pull.* 446.

The appellant had no cause of complaint, nor could have any, on that account, until the said appellees were to attempt to coerce the collection of the whole sum. The execution would properly have issued for the whole sum, with an endorsement that it would be satisfied by the payment of the aggregate sum of the several debts, damages, and costs.

But even upon the supposition that a judgment for the entire sum of eight hundred dollars is irregular, and that a writ of inquiry should have been awarded to assess damages; still who could contend that the judgment *nil dicit* was improperly rendered? The plaintiff in the Circuit Court was surely entitled to this. All, then, that the appellant could possibly obtain from the Court, would be a reversal of the latter part of the judgment—that part which is final—leaving the judgment *nil dicit* to stand, with directions for a writ of enquiry to be awarded to assess the damages on breaches assigned. A judgment may be reversed in part, and confirmed as to the residue.

LACY, *Judge*, delivered the opinion of the court:

This was an action of debt instituted by the appellees against the appellant on four several recognizances in the Pulaski Circuit Court. The declaration contains four counts, and there is a demurrer and issue put in to each count. The court below overruled the demurrer, and judgment by *nil dicit* was had against the defendant for the full amount of the several recognizances. To reverse that judgment, he appealed to this court, and assigned for error, first, that the plaintiff's declaration is insufficient, and that the demurrer to each of the counts ought to have been sustained; secondly, that judgment is given upon *nil dicit* for the whole amount of the recognizances, when, if the defendant was liable at all, it could only be to the extent of the injury sustained, and a writ of enquiry should have been awarded to assess the damages.

Before the court proceed to determine these questions, it is necessary to state the facts of the case.

The appellees recovered four several judgments at law against

*Christian Brumback, Martin Guest,* and *Alexander S. Walker,* before a Justice of the Peace. From these judgments, the defendants appealed to the Circuit Court, and the judgments were there affirmed. All of the judgments are for the value of one hundred dollars, exclusive of interest, except one, which is for the sum of ninety-eight dollars. From the judgments rendered by the Circuit Court in favor of the appellees, the appellants, with *Chester Ashley* as their surety, together with Edward Shurlds, Benjamin Clemens, and Kirkwood Dickey, who were not sued in this action, entered into four several recognizances to prosecute their appeals in the Superior Court of the Territory of Arkansas, conditioned as the Statute directs.

The declaration, in assigning the breaches of the recognizances, does not state that the judgments of the Circuit Court were affirmed or reversed. The first count sets forth, that the appeal from the judgment of the Circuit Court for the ninety-eight dollars was dismissed for want of jurisdiction in the Superior Court with cost.

The act of the Legislature, approved July 3, 1807, Sec. 59, and *organic law,* Sec. 7, *Digest page* 335 and 38, regulating appeals from the Circuit to the Superior Court, give "appellate jurisdiction only in all civil cases in which the amount in controversy shall be one hundred dollars or upwards." The party appealing must *show* that the court has jurisdiction of the subject matter; and it is evident, as the sum is not one hundred dollars or upwards, the Superior Court could not rightfully take cognizance of the first appeal. What, then, is the legal effect of that recognizance? Is it binding on the sureties in the appeal? or is it null and void, as no such appeal could be lawfully allowed? In the case of *The Commonwealth* vs. *Messenger,* 4 *Mass. Rep.* 462; *Campbell* vs. *Howard,* 5 *Mass. Rep.* 376; and *Weatherby* vs. *Johnson et al.* the court expressly decided this point. The appeal is declared to be a mere nulllity, and the recognizance of the appellant n the court below to prosecute his appeal, held to be void, and that he appellees can sustain no injury by a failure to comply with its conditions. "The party obtaining the judgment, may," says Chief Justice Parsons, "sue out execution upon it, or maintain an action of debt 'upon it, for the judgment remains in full force, and forms a legal "consideration."

On this point the court have no difficulty in coming to a conclusion.

The second, third and fourth counts of the declaration allege that

LITTLE ROCK.
July, 1838.

ASHLEY
vs.
BRASIL
and
LINDSEY.

LITTLE
ROCK,
July, 1838.

ASHLEY
vs.
BRASIL.
and
LINDREW,

the appeal on the three remaining recognizances for one hundred dollars were dismissed for want of prosecution, by the Superior Court, and judgment entered in each case for costs.

The Superior Court unquestionably had jurisdiction of the appeals, for each is for one hundred dollars, and that sum is sufficient to give to the party a right of appeal. The appeals were then properly granted by the Circuit Court, and the only question for us to determine, is the liability of the securities upon the recognizances. The enquiry, then, naturally arises, does the declaration contain a good cause of action, or are the breaches properly assigned? It must be admitted that, if the recognizances are good, the declaration must be sufficient; for it sets out the only cause of action the plaintiffs have, which is, that there was a judgment of the Superior Court dismissing each of the appeals, and which is declared to be in full force and effect.

This is an action of debt on four several recognizances, and to ascertain the responsibility of the sureties, we must see how far they are bound by their conditions.

The appellees have declared that the appeals were dismissed for want of prosecution. But is that one of the conditions or stipulations of the recognizances? Did they ever covenant, that the appeals should not be dismissed for want of prosecution, or that they would prosecute them with effect, or does the legal consequence flowing from their recognizances contain any such provision?

The recognizances are "that in case judgment shall be confirmed they will pay the debt, damages and costs." Does the declaration negative the condition, or declare that the judgments on the appeals were affirmed or reversed by the Superior Court? There is no such allegation in any of the counts. It is merely stated that they were dismissed with costs for the want of prosecution, but upon whose motion this order was entered, does not appear. That, however, does not in our estimation materially affect or change the nature of the case. Was the dismissal of the Superior Court equivalent to an affirmation of the judgments? Certainly there is a striking difference between the two propositions. Had the judgments been affirmed, there would have been an end to the cases, and the condition of the recognizances would not have been complied with, and the liability of the present defendant fixed. The Superior Court in dismissing the appeals, placed the parties in the same condition as if no appeal had been prayed or allowed; and notwithstanding the order, the appellants might still have had a

D

LITTLE
ROCK,
July, 1833.
ASHLEY
vs.
BRASIL
and
LINDSEY.
writ of error and supersedens, if the facts or the law had justified it, and brought up the cases, and in this manner have had the judgments below affirmed or reversed in the Superior Court. Suppose the judgments of the Circuit Court had been reversed, would the sureties have still been liable upon the recognizances, in express contradiction of the Statute, which declares if the defendant appeals, and " the judgment shall be reversed, the recognizances shall be null and void." The Statute upon the subject does not leave the appellees without remedy or redress. If the party appealing shall fail or neglect to file with the Clerk a copy of the record and proceedings on or before the third day of the next succeeding term of the Superior Court, "it shall be lawful for the adverse party, producing a certificate from the Clerk of the court below, that an appeal has been entered, and a recognizance given, to move the court that the judgments stand affirmed."

Here, then, the appellees had it their power, if they wished it, by producing the certificate of the Clerk, to have the judgments appealed from, affirmed.

They did not choose to do this, but the cases are dismissed for the want of prosecution. If they have sustained any injury by delay, or in failing to sue out execution on their judgments, it was as much their own fault as that of the appellants. For the neglect or unwillingness of the one to have the causes tried and determined, could have been prevented by the vigilance and attention of the other. Both parties after the appeal is prayed and taken, have legal duties to perform, and if either omit his part, the other can take advantage of the negligence.

Between the writing or obligation sued on and the breaches assigned for the non-performance of its conditions, there seems to us a manifest and substantial variance, and one that is fatal to the declaration. It is a universal rule that the breaches must be proved as laid in the declaration. Thus, if the plaintiff declare upon a covenant to repair at all times, and the covenant contains the additional words, " at farthest, within three months after notice," the variance is fatal. So, if the plaintiff declare upon an absolute promise, and a conditional one be proved. *Horsefall* vs. *Ester,* 1st *Mad.* 89. *Churchill* vs. *Wilkins,* 1st *T. R.* 47. *Sower* vs. *Winters,* 7 *Cowp. Rep.* 20,. The universal rule on the subject is, that the party declaring must prove the allegations according to their legal effect. 3rd *Stark. Ev.* 564. If, in an action of debt on recognizance of bail, the recognizance be alleged generally,

and it appear from the record, that it be a recognizance with a condition annexed, the variance will be fatal. *Ward* vs. *Griffith*, 1st *Ld. Raym.* 83. In an action against a surety on a bail bond where there is a material difference between the bond and breaches assigned, the variance is fatal. 1 *Roll.* 554. In the case now under consideration, the variance between the recognizances set out in the declaration and the breaches assigned, is most manifest.

This does not arise, however, from any defect in the manner of the averments, but from the fact that under the judgment of the Superior Court, no other allegation could properly be made.

The legality of the recognizances springs from the authority of the act of the Legislature; and to give them a construction that would change or alter their terms or conditions in order to charge the sureties, would be both unreasonable and unjust. To make them liable, the condition of the recognizance must be violated. Until this appears, no cause of action accrues. The three last counts in the declaration do not show that the conditions have not been complied with. Dismissal and an affirmation of the appeal, are, in the opinion of the court, two separate and distinct things, and a wholly different undertaking. The former by no just or legal inference can be made to include the latter. If this view of the subject be correct, then the plaintiffs have shown no cause of action, and the demurrer to the declaration ought to have been sustained.

The decision of this question necessarily disposes of the whole case, and it is deemed unnecessary to examine at length the second assignment of errors. It is obvious, however, that the judgment ought not to have been rendered for the plaintiffs for the whole amount of the recognizances upon *nil dicit*.

A writ of enquiry should have been awarded to assess the damages. The opinion of the Circuit Court on this point was, therefore, evidently erroneous. The judgment of the court below must be reversed with costs, and the cause remanded, to be proceeded in agreeably to the opinion here delivered.