## Shinn v. Tucker.

Statute Limitations : *Time, how computed.*

> In computing time to ascertain whether an action is barred by limitations, the day on which the right of action accrued must be included, and the day of issuing the summons excluded.

APPEAL from *Pope* Circuit Court.

Hon. W. W. Mansfield, Circuit Judge.

*W. C. Ford* and *Clark & Williams*, for appellant.

*Granger & Coblentz, contra.*

Eakin, J. :

On November 27, 1875, Shinn sued Tucker before a justice

of the peace upon three notes under seal, all bearing date.
January 1, 1861. They are all expressed to be for value re-
ceived, and contain a promise to pay the respective sums of
each, generally, without specifying any time. In effect they
are notes payable on demand. Each note has a credit
endorsed: one March 28, 1864, one January 15, 1869, and.
the other December 1, 1870.

The defendant pleaded payment, and the statute of limita-
tions. Judgment was rendered in his favor, and plaintiff
appealed to the Circuit Court. There the defendant was.
allowed to put in an amended plea without verification. The
amended answer repeated the pleas of payment and limitation,.
to which plaintiff replied, as to each of the notes, a promise
within ten years. There was no proof of payment adduced.
upon trial. The plaintiff showed that the several endorse-
ments of credit had been made before the statute bar had.
attached. As to whether the particular sums, credited upon
each note, had been paid by the defendant for the purpose of
being so applied, or had been so applied by his consent, the
proof was conflicting, and this court would not disturb the
verdict of the jury, so far as it implies that these payments
did not form new points from which the statute would com-
mence running. The jury found for defendant, upon which
followed judgment, motion for new trial, bill of exceptions,
and appeal.

The material question presented by the record is, was the
action brought within the period allowed by the statute of lim-
itations, leaving the credits out of view. Upon this point the
instructions of the court, viewed as a whole, were to the
effect: That the right of action of plaintiff accrued on Jan-
uary 1, 1861, and would be barred at the end of ten years,
unless there had been such part payment as would make a new
point from which the statute would run; but that the statute.

did not run between May 6, 1861 and April 2, 1866, which intervening time was not to be computed, and that the jury, in computing the time of ten years, must include the day of the date of the writings, and exclude the day on which the summons issued.

The writings were payable immediately, and payment might have been demanded at once. They were not entitled to grace. There was no error in telling the jury that the day of their execution must be included in the estimate, accompanied with the direction that the day of the issue of the summons must be excluded. There has formerly been much labored discussion in the English and American courts, and much conflict of opinion as to the true method of computing time from one act or event to another. We are happily spared from entering into it by our statute, which furnishes the following plain and concise rule for all cases. Sec. 5698 of Gantt's Digest provides that "when a certain number of days are required to intervene between two acts, the day of *one only* of the acts may be counted," and the rule applies equally when a certain number of years is mentioned, as years may be resolved into a certain number of days, and uniformity of principle must be preserved. Applying that rule here, it was proper to advise the jury to include the day of the first act or event, the execution of the writing, and to exclude the day of the last event, to-wit: The issuance of the summons, and if they should find that the suit was not in ten years, to find for defendant.

And the same rule must be applied to the time to be excluded from the computation on account of the war, to-wit: From the act of secession on May 6, 1861, to the proclamation of the president on April 2, 1866, declaring the war, as to Arkansas, closed, making a period of four years, ten

months and twenty-seven days, allowing for the thirty-one days in March.

This period, for the suspension of the statute, was definitely fixed by this court in the case of *Hall* v. *Denckla,* 28 Ark., 506. In that case no close calculation of time to a day was necessary, and the court inadvertently use this expression: " We find that the statute of limitations ceased to run *between* May 6, 1861 and April 2, 1866, by reason of the civil war."

This formula of expression was adopted by the Circuit Judge in the instruction, and literally construed by the jury may have induced them to exclude both days in the estimate of the time to be left out of the calculation, making a period of only four years, ten months and twenty-five days, when, by the statute, one or the other of the days should be included. The word " from " would have been more proper than the word " between."

With regard to all sealed instruments as these were, against which the statute had commenced running on May 6, 1861, and which were not already barred at the time of the adoption of the Constitution of 1874, the *actual* time of limitation was fourteen years, ten months and twenty-seven days. Including January 1, 1861, this period would expire at midnight on November, 27, 1875, but as this calculation is made exclusive of the day allowed for the issuance of the summons (inasmuch as the day when the writings were made is included) the summons would have been in time on the 28th. It was certainly within time on the 27th, in any view of the case.

Obviously, the jury were mistaken in their calculations. They could not have brought in a verdict for the defendant upon the proof, upon any other ground than the bar of the statute, which, as we have seen, had not attached.

Other errors were assigned, which it is not important to notice.

For the error in the verdict which was not only contrary to evidence, but ths instructions of the court, the judgment must be reversed and the cause remanded with directions for a new trial.