CHAFIN v. McFADDEN.

*On motion to advance and affirm as a delay case.*

1. PRACTICE IN SUPREME COURT: *In delay cases.*
   The statute regulating the practice on motions to advance delay cases does not limit the right of filing the motion, or of having it acted upon to any particular time or term, but contemplates an affirmance of a superseded judgment when the court is satisfied that the appeal is taken for delay, at the earliest practicable moment.

2. DAMAGES: *On appeals in Supreme Court.*
   The damages awarded against an appellant and his sureties in his appeal bond, on affirmance of the judgment below, are not intended as compensation to the appellee for the delay he has been subjected to. It is an award against the appellant for prosecuting an improper appeal, and where his appeal is for delay only, it is intended that he should pay the award without getting the delay.

COCKRILL, C. J. This case is returnable to the next term. A motion has been filed to advance it to the present term and affirm the judgment upon the ground that the ap-

peal is prosecuted for delay merely. The statute which regulates the practice in this particular (*Mansf. Rev. St., sec. 1306*), does not limit the right of filing such motion or of having it acted upon to any particular time or term, but contemplates an affirmance of the superseded judgment, where the court is satisfied that the appeal is taken for delay, at the earliest practicable moment. The court will not lend its aid to parties prosecuting frivolous appeals by interposing the barrier of one or more terms for their protection. To do this would be to aid the object of the appeal by giving the desired delay. The damages awarded against the appellant and the sureties on his appeal bond are not intended as compensation to the prevailing party for the delay he has been subjected to. It is an award against the appellant for prosecuting an improper appeal; and where he prosecutes an appeal for delay only, it is intended that he should pay the award without getting the delay. With these views we have considered the appellee's motion and the record, and think the case should be advanced. Let it be set for June 6, to be then called for final submission or affirmance.