SPRATLIN *v.* HALLER.

Opinion delivered April 27, 1901.

APPEAL—LIMITATION—DISMISSAL.—An appeal in a civil case prayed before the clerk of the supreme court more than three years after the judgment was rendered in the trial court was too late, under Sand. & H. Dig., § 1027, and will be dismissed.

Appeal from Arkansas Circuit Court.

JAMES S. THOMAS, Judge.

*Parker & Parker,* for appellant.

*James A. Gibson* and *Jno. F. Park,* for appellee.

The transcript was not filed within time. *Cf.* Sand. & H. Dig., §§ 1022, 1018, 1027; Acts 1899, 111; 36 Ark. 517.

HUGHES, J. The judgment in this case was rendered on the 14th of April, 1896. On that day appellant filed a motion for a new trial, which was by the court overruled, to which he excepted and prayed an appeal to the supreme court, which was granted by the court, and he was allowed 60 days in which to prepare and file his bill of exceptions. The transcript was filed in this court January 25, 1900, more than nine months after the judgment was rendered.

Section 1022, Sandels & Hill's Digest, reads as follows: "It shall be the duty of the appellant to file in the clerk's office of the supreme court, within ninety days after the appeal or writ of error is granted, an authenticated copy of the record, otherwise his appeal or writ of error shall be dismissed; but the supreme court may for cause shown extend the time for filing such copy." It is not shown that the time for filing the transcript was extended by this court. But section 1018, Sandels & Hill's Digest, provides: "The appeal shall be granted as a matter of right, either by the court rendering the judgment or order, on motion made during the term at which it is rendered, or by the clerk of the supreme court in term time or in vacation on application of either party."

Having failed to file his transcript within 90 days from the time his appeal was granted in the circuit court, the appellant, on the 25th day of January, 1900, was granted an appeal by the clerk of this court, under section 1018 above quoted. This was three years, nine months and eleven days after the judgment was rendered in the circuit court.

Section 1027, Sandels & Hill's Digest, reads as follows: "An appeal or writ of error shall not be granted, except within three years next after the rendition of the judgment or order, unless the party applying therefor was an infant, married woman, or of unsound mind at the time of its rendition, in which case an appeal or writ of error may be granted to such parties, or their legal representatives, within one year after the removal of their disabilities, or death, whichever may first happen." It does not appear that the appellant is within the saving clause of this statute. But that section of the digest was amended by an act approved March 16, 1899. See Acts 1899, p. 111. The first section of that act is almost a verbatim copy of section 1027, Sandels & Hill's Digest, except that it changes the time for taking an appeal from three years to one year. Section 2 of the act reads as follows: "That parties to all judgments, orders or decrees rendered within two years prior to the passage of this act shall have one year from the time it shall take effect within which to pray an appeal or sue out a writ or error. The time for taking an appeal or suing out a writ or error on all judgments, final orders and decrees rendered more than two years prior to the passage of this act shall be three years from the date of the judgment, order or decree." Appellant does not come within the saving clause of

this act, as the judgment herein was rendered two years, eleven months and two days prior to the passage of this act.

Elliott on Appellate Procedure, § 111, says: "The time within which an appeal must be taken is fixed by law, and the appeal must be taken within the time designated. The provision which limits the time is jurisdictional in its nature." Citing a large number of decisions. It is only in cases where a party has been prevented by fraud or accident from taking an appeal within the limitation as to time fixed by law, or where there are equitable elements that enter into them, that the court may give relief, and allow an appeal after the time limited has expired. *Smythe* v. *Boswell,* 117 Ind. 365; *Boswell* v. *Boswell,* 117 Ind. 599. These cases recognize the rule that, if the appeal is not taken in time, there is no jurisdiction, but they hold that fraud may prevent the operation of the statute. The fraud of a party will prevent him taking advantage of the statute.

The rule that the court cannot enlarge the time for taking an appeal, unless the statute allows, is well established. Elliott, App. Pro. §§ 112, note 3, and 113. The appellant, who seeks to revive an appeal after the statutory time has expired asks extraordinary relief, and must present a strong and clear case, which calls into exercise the inherent equity power of the court. *Id.* § 116. Time will not be extended to the party in fault. *Id.* §§ 114, 128. "It results from the doctrines stated that if an appeal is not perfected, by doing all that the law commands, within the time fixed, the court should dismiss it, and so the authorities declare." *Id.* § 524; *Reynolds* v. *McCallum,* 28 Ark. 453. "While the authorities uniformly hold that the failure to perfect the appeal in time makes a dismissal imperative, yet it is held that a case may be made excusing the delay." *Chapman* v. *Bank of California,* 88 Cal. 419, 26 Pac. Rep. 608; *Garritee* v. *Popplein,* 73 Md. 322, 20 Atl. Rep. 1070. But a very strong case must be made to break the force of the general rule. Elliott, App. Pro. §§ 116, 117, and authorities cited.

The appellant contends that the appellee waived the objection by not making it in time. We think otherwise. Mr. Elliott says (Elliott, App. Pro. § 285): "It has been held that the defendant may waive his right to avail himself of the failure to file the transcript within the time prescribed. But we believe," he says, "that this doctrine is erroneous, and it certainly cannot be extended without violating principle and opposing authority.

It cannot, at all events, be so extended as to sustain an appeal, when the important steps have not been taken until after the expiration of one year [time limited] from the time the judgment was rendered."

From what has been said it becomes the duty of the court to dismiss this appeal. The motion of the appellee to dismiss the same because the transcript was not filed within the time prescribed by the statute is sustained, and the said appeal is dismissed.