DAMON *v.* HAMMONDS.

Opinion delivered January 21, 1905.

1. APPEAL—AUTHENTICATION OF RECORD.—A document purporting to be a copy of the record in a case, but not signed by the clerk of the trial court, nor bearing the seal of such court, is not an authenticated copy of the record, within the requirement of Kirby's Digest, § § 1194, 1199. (Page 609.)

2. SAME—AUTHORITY OF CLERK TO GRANT.—The clerk of the Supreme Court cannot grant an appeal, under Kirby's Digest, § 1199, in the absence of an authenticated copy of the record. (Page 609.)

Appeal from Yell Chancery Court.

JEREMIAH G. WALLACE, Chancellor.

Affirmed.

*Sam T. Poe* and *Bradshaw, Rhoton & Helm,* for appellants.

The copy of the record presented is sufficient for appeal. 26 Ark. 414; 47 Ark. 49.

*Bullock & Davis,* for appellee.

If the appeal is not taken in time, there is no appeal. 69 Ark. 283.

*Sam T. Poe* and *Bradshaw, Rhoton & Helm,* for appellants in reply.

An appeal is granted as a matter of right, and may be granted by the clerk of this court at any time within one year from the rendition of the judgment. 14 Bush, 216; Kirby's Dig. § 1196; 80 Ky. 216; 95 Ky. 342; 4 Ky. 449; 2 Cyc. 807. Where an appeal is regularly taken, the court has no authority to dismiss without a hearing. 2 Enc. Pl. & Pr. 209, 345; 81 S. W. 609; 4 Tex. 148.

HILL, C. J. The appellees have proceeded under Rule 7 to obtain an affirmance of the judgment below and judgment here on the supersedeas bond. They are entitled to it, unless a subsequent appeal granted by the clerk of this court has preserved the case here for decision.

Appeals granted by the lower court must be perfected within ninety days by filing an authenticated copy of the record in this court. Kirby's Dig. § 1194. The failure to perfect the appeal granted by the lower court does not terminate the right of appeal. An appeal may be granted by the clerk of this court at any time within one year after the rendition of the judgment, order or decree sought to be reviewed, and in favor of infants and persons of unsound mind for a period of six months beyond the removal of the disability. Kirby's Dig. § 1199. The appellants presented to the clerk, one day before the year expired in this case, what they and he believed to be an authenticated copy of the record, and prayed and were granted an appeal. Long afterwards it was discovered that the transcript presented was signed by no official and bore no seal of any court. Webster gives this definition of "authenticate": "To render authentic, to give authority to, by the proof, attestation, or formalities required by law, or sufficient to entitle to credit." Clearly, this was not "an authenticated copy of the record."

Counsel seek to sustain the appeal on the ground that the clerk granted an appeal, and that gave the court jurisdiction, and the record could be brought here after the year. This position is untenable. In *Spratlin* v. *Haller,* 69 Ark. 281, it is held that the taking of the appeal within the time prescribed by statute is jurisdictional, and the court cites authorities where exceptions may be worked into the rule, not pertinent here. Therefore the question narrows to whether the clerk can grant an appeal in the absence of an "authenticated copy of the record" presented to him for filing within the year. This court, in another connection, has recently decided this question.

In *Robinson* v. *Arkansas Loan & Trust Co.,* 72 Ark. 477, s. c. 81 S. W. Rep. 609, Mr. Justice BATTLE said: "When the appeal is granted, and an authenticated copy of the record is filed in the Supreme Court, the suit or action is thereby removed. The filing of the copy of the record is necessary, because it is the

S C 20

source from which the appellate tribunal obtains its knowledge of the facts in the case and of the questions upon which it is its duty to pronounce judgment. When it is filed, the appellate court's jurisdiction of the subject-matter is complete, and the cause is removed."

A blank sheet of paper upon which an appeal is granted, or a grant of appeal on a written application giving the style of the judgment, name of the court and date of it, is insufficient to comply with this statement of the rule. As well said by Mr. Justice BATTLE in the above case: "He (the appellee) is required to answer the appeal as an accomplished fact, and not as something in embryo."

If, as counsel contend, the clerk could grant the appeal on application therefor within the year, and the authenticated record be brought here after the year, the appeal would be in an extremely embryonic state when the year elapsed. Such is not the intention of the statutes, taken as a whole. The authenticated record must be filed here within ninety days when the appeal is granted by the lower court, and must be here within a year when an appeal from this court is relied upon, and the clerk of this court can only grant it when an authenticated copy of the record is presented to him within the year, or in cases of disability within the period named in the statute. The judgment is affirmed under Rule 7, and the appeal granted by the clerk is dismissed.