NORTH STATE FIRE INSURANCE COMPANY *v.* DILLARD.

Opinion delivered June 22, 1908.

1.  APPEAL—EFFECT OF PROSECUTING SECOND APPEAL.—Where an appeal, with supersedeas, was obtained in the circuit court, but the appeal was not perfected by filing an authenticated copy of the record in the office of the clerk of the Supreme Court within ninety days as required by Kirby's Digest, § 1194, the appellant could dismiss the appeal and take another appeal within the year prescribed by the statute (*Id.* § 1199); and, while the better practice is to dismiss the first appeal before taking the second, the effect of procuring the second appeal is a voluntary dismissal of the first. (Page 562.)

2.  SAME—EFFECT OF DISMISSAL UPON SUPERSEDEAS.—Where an appeal with supersedeas was taken, and dismissed, and a second appeal prosecuted, the supersedeas ceased to supersede the judgment. (Page 562.)

Appeal from Garland Circuit Court; *W. H. Evans,* Judge; motion to affirm denied.

*Appellant, pro se.*

*C. V. Teague,* for appellee.

Per Curiam.    On the 23d of January, 1908, A. J. Dillard recovered judgment in the Garland Circuit Court against the North State Fire Insurance Company in the sum of $2,250, penalty and attorney's fees. The insurance company filed a motion for new trial, which was overruled on the 30th day of January, and appeal was thereon prayed to the Supreme Court, which was granted, and sixty days given in which to file bill of exceptions. On the 28th day of March, 1908, the bill of exceptions was filed.

On the 11th day of April, 1908, a supersedeas bond was filed in the circuit court. On the 22d day of May, 1908, Dillard gave notice that on the first of June he would move this court for an affirmance of the judgment pursuant to Rule 7 for failure to file authenticated copy of record within 90 days as prescribed by section 1194, Kirby's Digest; and on said day he filed herein a certified transcript of the judgment appealed from, the order granting the appeal, and the supersedeas bond, and his motion to affirm the judgment, showing service of said motion more than ten days before the first of June. The insurance company filed a response thereto, in which it sought to excuse its delay, and showed that it had, on the 27th of May, five days after the service of said notice upon it, presented to the clerk of this court an authenticated copy of the record and prayed an appeal from him, which was granted on said day. The question is, whether the appellee is entitled to have the judgment affirmed under Rule 7, under the facts above stated.

In *Robinson* v. *Ark. Loan & Trust Co.,* 72 Ark. 475, it was held that where an appeal was taken but not perfected, the appellant could dismiss the appeal and take another within the year prescribed by the statute, and this was true where the judgment was superseded as well as where it was not. It was further held that it was better practice to dismiss the appeal before the second was taken; but in effect the granting of the second appeal was a voluntary dismissal of the first. This case was followed in *Damon* v. *Hammonds,* 73 Ark. 608.

Under this construction of the statute, the action of the appellant in filing his authenticated copy of the record and ob-

taining the second appeal from the clerk was a dismissal of the first appeal. And when it was dismissed, necessarily the supersedeas bond ceased to be a supersedeas to the judgment, and the appellee was at once at liberty to proceed to have execution on the judgment. But, the appeal to which this motion was directed having ceased to exist, then there was nothing to dismiss under section 1194, which is the basis of this proceeding. Rule 7 establishes the practice for the dismissal of an appeal where the record is not filed as required by this section, and further provides that the judgment may be affirmed. Where the judgment is affirmed, there can be no second appeal. It is only where the appeal has been dismissed that the second appeal may be granted within the year.

Sec. 1229, Kirby's Digest, and Rule 2 establishing the practice thereunder, provide for the affirmance of a judgment where the appeal has been taken for delay, and it is doubtful whether an affirmance as a delay case could be sustained under Rule 7, but authority for the affirmance may be found in the right of the court to determine when causes shall be disposed of and when they shall be heard. But it is questionable whether it can be sustained where the appeal has been dismissed before the motion is reached, as under the statute the appellant has the right to a second appeal within the year; and if he exercises this right before the judgment is affirmed, then the court should not, if it can, cut off that statutory right.

Owing to this conflict with the statute, Rule 7 has not generally been enforced according to its terms; but the practice has grown up, ever since it was adopted, of permitting the appellant, if he comes in before the disposal of the motion and in good faith offers to pay the costs, to prosecute his appeal. This practice is apparently in conflict with the rule, and it may be, misleading where the practice is not understood; and, in order that it may be made clear, the court has this day amended Rule 7 so as to permit the first appeal to be prosecuted if the costs incident to it and the motion are paid by the appellant, and if he in good faith then offers to prosecute his appeal, and files his transcript pursuant to the statute, and further amended the rule so that an affirmance can not be taken where a second appeal has been granted before the motion is submitted.

The motion to affirm is denied.