GROSS v. STATE.

Opinion delivered March 8, 1909.

1. APPEAL AND ERROR—JURISDICTION IN MISDEMEANOR CASES.—Kirby's Digest, § 2614, providing that appeals in misdemeanor cases "shall be granted upon condition that the record is lodged in the clerk's office of the Supreme Court within 60 days after the judgment," the Supreme Court cannot take jurisdiction for the purpose of affirming or reversing the case unless the transcript is lodged within that time. (Page 482.)

2. SAME—CONSTRUCTION OF RULE SEVEN.—Rule VII. of the Supreme Court, concerning motions to affirm judgments on account of failure of appellants to prosecute appeals, applies only to civil cases. (Page 483.)

Appeal from Perry Circuit Court; *Robert J. Lea,* Judge; appeal dismissed.

*Hal L. Norwood,* Attorney General, for appellee.

PER CURIAM.  Appellant, A. T. Gross, was tried in the circuit court of Perry County upon an indictment, and convicted of the crime of soliciting a bribe, being a misdemeanor under the statute, and his punishment assessed at a fine of $10.  He prayed for and obtained an appeal to this court on August 12, 1907, and gave a supersedeas bond with sureties, but has wholly failed to prosecute the appeal.  The Attorney General now files in this court a certified copy of the judgment and the supersedeas bond, and moved the court to affirm the judgment on account of appellant's failure to prosecute his appeal.

The statute regulating appeals to the Supreme Court in mis-

demeanor cases provides that "the appeal shall be prayed during the term at which the judgment was rendered, and shall be granted upon condition that the record is lodged in the clerk's office of the Supreme Court within sixty days after the judgment." Kirby's Digest, § 2614. It appears from this statute that an appeal granted by the circuit court is conditional upon the record being filed here within the specified time, and this court can not take jurisdiction for the purpose of affirming or reversing the case unless the transcript is lodged within that time. Rule VII of this court, concerning motions to affirm judgments on account of failure of appellants to prosecute appeals, applies only to civil cases, and cannot be invoked in a criminal case.

Therefore the motion to affirm the judgment is denied; but the appeal is dismissed, with directions that the judgment of dismissal be certified down to the circuit court of Perry County to the end that the judgment may be enforced, and that the prosecuting attorney may institute proceedings on the supersedeas bond if so advised.