SAMPLE *v.* MANNING.

Opinion delivered March 2, 1925.

1. APPEAL AND ERROR—TIME FOR APPEAL.—Crawford & Moses' Dig., § 2140, fixing the time within which an appeal must be taken, is jurisdictional in its nature.

2. APPEAL AND ERROR—JURISDICTION.—The Supreme Court has no jurisdiction to review or try a chancery case after the time for appeal has expired.

3. APPEAL AND ERROR—RIGHT TO HAVE APPEAL DISMISSED.—Where time for appeal in a case has expired, the prevailing party has a right to execution against the losing party, and may sue on a supersedeas bond, if given; but no useful purpose could be served by permitting the prevailing party to docket the case and have the appeal dismissed, since he could acquire no greater right thereby.

Appeal from Union Chancery Court, First Division; *J. Y. Stevens,* Chancellor; case stricken from docket.

*Mahoney, Yocum & Saye,* for appellant.

*J. S. Townsend,* for appellee.

HART, J. John Manning filed in this court a duly certified copy of a decree in a chancery case from Union County, Arkansas, wherein he is the plaintiff and Clark Sample is the defendant. He alleges that he obtained a decree against the defendant in the chancery court of Union County to enforce a vendor's lien for purchase money. The decree was entered of record on the 3rd day of July, 1924, and the defendant was granted an appeal to this court by the chancery court. An appeal bond was filed with and approved by the clerk of the chancery court, and a supersedeas bond issued thereon in conformity with the statute.

Manning filed a certified copy of the decree in this court more than seven months after the decree was rendered in the chancery court, and moved the court to dismiss the appeal. The defendant resisted the motion on the ground that it showed on its face that this court is without jurisdiction in the case, because the appeal was never perfected within the time prescribed by statute.

Our statute provides that an appeal shall not be granted except within six months next after the rendi-

tion of the decree appealed from, unless the party applying therefor is under certain disabilities, which do not affect the decree in this action. Crawford & Moses' Digest, § 2140.

The time within which an appeal must be taken being fixed by statute, it must be taken within the time designated. The provision which limits the time is jurisdictional in its nature. *Spratlin* v. *Haller,* 69 Ark. 289.

In order to give this court jurisdiction, it is necessary to file with it a copy of the record in the court below, because it is the source from which the court obtains its knowledge of the facts in the case and of the questions upon which it is its duty to pronounce judgment. *Robinson* v. *Arkansas Loan & Trust Co.,* 72 Ark. 475. Thus it will be seen that a bar is fixed by law as to appeals from decrees which are appealable. After the time fixed for an appeal has expired, the appellate court has no jurisdiction to review or to try the case *de novo.* No useful purpose could be served by permitting the prevailing party in the court below to file a certified copy of the judgment or decree of the court below for the purpose of dismissing the appeal which had been granted to the losing party, and which he had lost by not perfecting within the time allowed by law. The dismissal of an appeal removes the case from the appellate court and places the parties in the same conditions as they were before the appeal was taken. *Ashley* v. *Brasil,* 1 Ark. 144, and *Burgess* v. *Poole,* 45 Ark. 373. So it will be seen that, if the appeal should be dismissed, the parties would be just where they were before, and no useful purpose could be served, except to tax one or other of the parties with the trouble and expense of the appeal.

Inasmuch as the prevailing party in the court below could obtain no greater rights by docketing the case here and then having the appeal dismissed than he already had, no useful purpose can be served by allowing such a course, and the better practice would have been for the clerk to have refused to allow the appeal to be filed because it was not perfected within the time allowed by law.

It is claimed, however, that this practice is contrary to that adopted in *Gross* v. *State*, 89 Ark. 482. In that case the Attorney General filed a certified copy of the judgment of conviction in a misdemeanor case, and moved this court to affirm the judgment on account of the failure of Gross to prosecute his appeal. The court denied his motion to affirm the judgment, but dismissed the appeal "with directions that the judgment of dismissal be certified down to the circuit court of Perry County, to the end that the judgment may be enforced, and that the prosecuting attorney may institute proceedings on the supersedeas bond, if so advised."

Thus it will be seen that the relief asked in that case was to affirm the judgment. This was for the manifest purpose of enabling the State to have execution issued in this court on the supersedeas bond. This relief was denied by the court and the appeal dismissed, which, when tested by the directions given, amounted to no more than to strike the case from the docket. This is far from holding that the docketing of an appeal and a motion to dismiss is the proper practice, in cases where the time for appeal has elapsed.

Here the case was docketed for the very purpose of dismissing the appeal, and, as we have already seen, the dismissal would leave the parties in exactly the same condition as they were if the appeal had not been docketed in this court. Hence it is apparent that no useful purpose can be served by adopting such a course. If such a practice was adopted, it would be useless and expensive, for the parties acquire no greater rights than they already possessed. This is made perfectly clear by the directions given in the Gross case.

To sum up: in cases where the time for appeal has expired, the party recovering judgment in the court below has the right to have execution against the losing party. If a supersedeas bond has been given, he may sue on it. He could acquire no greater rights if we should hold the better practice to be to allow him to docket the appeal in this court for the very purpose of dismissing it.

Therefore we conclude that the better practice would have been for the clerk to have refused to have docketed the appeal in this case, and, in conformity with this view, the cause will be ordered stricken from the docket of this court.

McCULLOCH, C. J. (dissenting). The decision of the majority has overturned a rule of practice which has been adhered to in this court for a great many years, and which found expression in the opinion of the court in *Gross* v. *State,* 89 Ark. 482. The effect of that decision, however, is brushed aside by the majority with the statement that it amounted to no more than an order dropping the case from the docket. Such was not the decision of the court. In that case the appellant had obtained an appeal from the lower court and had superseded the judgment, with bond, but failed to perfect the appeal within the time prescribed by statute, and the Attorney General filed the transcript here with a motion to affirm the judgment. We declined to affirm, on the ground that the court was without jurisdiction to hear and determine the cause, but we dismissed the appeal and ordered the judgment certified down to the circuit court for enforcement. We said nothing about merely striking the transcript from the docket. If that was the proper rule in a criminal case, certainly it is proper in a civil case in order that the appeal may be brought to an end and the judgment of the lower court enforced.

The cases cited by the majority and many other decisions of this court hold that where an appeal is not perfected by the filing of the transcript with the time prescribed by law it becomes the duty of this court to dismiss it. This is the universal rule of all courts. 4 C. J. p. 566. "It results from the doctrines stated that if an appeal is not perfected by doing all that the law commands within the time fixed the court should dismiss it, and so the authorities declare." Elliott on Appellate Procedure, § 524.

In testing the jurisdiction of an appellate court to dismiss an appeal on account of failure to perfect it with-

in the time prescribed by law, it is unimportant which of the parties files the transcript. If the transcript is filed with the court and a motion is made to dismiss it, then the jurisdiction of the court to render a decision upon the motion is complete. The views of the majority overlook, I think, the distinction between the jurisdiction of this court to hear and determine a cause and jurisdiction to dismiss an appeal. Upon the filing of the transcript at any time the court has jurisdiction to determine whether or not the appeal has been properly taken and perfected, and, if it decides that the appeal was not properly taken and perfected, it has power to render a judgment dismissing the appeal. In other words, the court always has the power to decide a question relating to its own jurisdiction, and, for the purpose of determining whether or not it has jurisdiction, it may decide whether or not an appeal has been properly taken and dismiss an appeal which has not been properly taken and perfected. But the majority say that it is a useless proceeding for the appellee to file a transcript here and procure a dismissal of the appeal, and that it is not essential to the enforcement of the judgment appealed from. I think the majority is incorrect in the assumption that it is unnecessary to dispose of the appeal before the judgment of the lower court can be enforced. A supersedeas bond suspends the execution of the judgment, and the judgment remains suspended until the appeal is set aside or the judgment affirmed. Mere lapse of time does not remove the suspension of the judgment, and it requires an order of the court to do that. Therefore it is proper and necessary for this court to make an order dismissing an appeal before the suspension is removed so that the judgment may be enforced. "The mandate of the appellate court remitting the cause to the lower court," says 2 R.C.L. p. 287, "is the official mode of communicating its judgment to the inferior tribunal." Until the lower court is officially notified of the dismissal of an appeal, there is no method for the ascertainment of that fact. If an appellee applies to the clerk of the trial court for an execution

after the expiration of the time for perfecting an appeal, what evidence can he furnish to the clerk, other than the mandate of this court, that the appeal has been abandoned or dismissed? Or, if the appellee sues on the bond, what evidence can he furnish that the appeal has not been perfected?

I am of the opinion, therefore, that the majority have not only overturned a long-settled practice which has been observed in all courts, but have established an awkward practice with respect to the remedy of an appellee after an appellant has failed to prosecute an appeal.

Mr. Justice SMITH agrees with me in this dissent.