BANK OF EL PASO v. NEAL.

Opinion delivered May 12, 1930.

*Brundidge & Neelly* and *H. A. Midyett,* for appellant.
*Miller & Yingling,* for appellee.

MEHAFFY, J. This action was begun by appellant in the justice of the peace court in White County, where the case was decided against it, and appeal was taken to the circuit court. A trial was had in the circuit court, where there was a verdict and judgment against appellant. This appeal is prosecuted to reverse said judgment.

The appellee contends that the appeal was not taken within six months. Section 2140 of C. & M. Digest is as follows: "An appeal or writ of error shall not be granted, except within six months next after the rendition of the judgment, order or decree sought to be reviewed, unless the party applying therefor was an infant, or of unsound mind at the time of its rendition, in which case an appeal or writ of error may be granted to such parties, or their legal representatives, within six months after the removal of their disabilities or death."

Judgment was rendered in the White Circuit Court July 15, 1929, and the appeal was granted by the clerk of this court January 16, 1930.

"It is a general rule, not only in jurisdictions where the computation of time is regulated by statute, but in other jurisdictions, where it is not so regulated, that, in computing the time given or allowed by statute or order of court for taking of an appeal or writ of error, and

all the proceedings necessary to perfect the same, there should be excluded the date of rendition of the judgment, order, or decree or other day from which the time commences to run, and that the last.day, or the day on which the appeal is taken, should be included." 38 Cyc. 326. *Early & Co.* v. *Maxwell & Co.*, 103 Ark. 569, 148 S. W. 496; *Peay* v. *Pulaski County*, 103 Ark. 601, 148 S. W. 491; *Shinn* v. *Tucker*, 33 Ark. 421; *Connerly* v. *Dickinson*, 81 Ark. 258, 99 S. W. 82; *Pearce* v. *Peoples Savings Bank & Trust Co.*, 152 Ark. 581, 238 S. W. 1063; *Field* v. *Waters*, 148 Ark. 325, 229 S. W. 735; 3 C. J. 1047.

"The rule of reckoning from a given day to a day of the corresponding number is one so easily understood and applied that we do not think that we should be justified in adopting any other. The rule seems to be that of Commercial Law." *Parkhill* v. *Brighton,* 61 Iowa 103, 15 N. W. 853.

"On what day, therefore, did six calendar months from November 30, 1894, expire? Under all of the authorities, without exception, which we have been able to find, the period would expire on May 30, 1895. * * * In *Glore* v. *Hare,* 4 Neb. 132, it was held that an appeal taken on the 22nd day of August from a judgment rendered February 21st was not within six months from the rendition of the judgment. We have been cited to no authority laying down a different rule or method for the computation of time, and this seems to be in complete accord with common usage and with common understanding. This being true, we are constrained to hold that this suit was barred by the limitation imposed by the contract. It was begun one day too late. The bar was complete with the expiration of the day of May 30th." *Daly* v. *Concordia Fire Ins. Co.*, 16 Col. App. 349, 65 Pac. 416.

Applying the above rule appellant's time expired on January 15th. The appeal was not taken within six months.

"The time within which an appeal must be taken being fixed by statute, it must be taken within the time designated. The provision which limits the time is jurisdictional in its nature." *Sample* v. *Manning*, 168 Ark. 122, 269 S. W. 55.

Since the appeal in this case was not taken within six months, it must be dismissed. It is so ordered.