CAMDEN GAS CORPORATION *v.* CAMDEN.

Opinion delivered April 6, 1931.

*Robinson, House & Moses,* for appellant.

*Haynie, Parks & Westfall* and *Gaughan, Sifford, Godwin & Gaughan,* for appellee.

PER CURIAM. It has always been the practice of this court to permit the parties, at any time before final decision, to supply omitted portions of the record which have not been brought up on appeal and which are essential to the correct decision of the case. It has also become the established rule of the court, where it has

acquired jurisdiction of the case on appeal by the filing of a certified copy of the judgment or decree in the case within the time prescribed by statute, to allow appellant to perfect the record within a reasonable time.

We do not think that § 2 of act 327 of the Acts of 1923, providing that an appeal may be taken from the decision of the circuit court in cases like this, but that the transcript must be lodged with the clerk of the Supreme Court within sixty days from the date of final judgment, has the effect to change the rule heretofore adopted. The court has uniformly held that the statutory time for appealing is jurisdictional. *Sample* v. *Manning*, 168 Ark. 122, 269 S. W. 55, and cases cited; *Caudle* v. *Turner*, 179 Ark. 337, 15 S. W. (2d) 978; and *Bank of El Paso* v. *Neal*, 181 Ark. 788, 27 S. W. (2d) 1024.

The transcript is nothing but a certified copy of the record in the court below, and we still adhere to our established rule that an imperfect record may be supplied after the expiration of the statutory period where it is done within a reasonable time. *Bell* v. *Rice, ante* p. 105. The statute under consideration does not provide that a perfect transcript or record must be lodged with the clerk of this court within 60 days.

When we consider the size of the record, together with the time asked to perfect the record and the other circumstances surrounding the appeal, as shown by the orders heretofore made by the court, we do not think an unreasonable time has been taken in perfecting the transcript; and the motion to dismiss the appeal or affirm the judgment on that account will be overruled.