O'DANIEL *v.* THE BRUNSWICK BALKE COLLENDER COMPANY.

4-5038

Opinion delivered February 21, 1938.

670

*Monk & McLeod,* for appellant.
*A. R. Cooper,* for appellee.

MEHAFFY, J.  In this, a civil case, the appeal has been taken by the appellants more than six months and a supersedeas bond was filed by appellant in the circuit court and the appellant has not filed in the office of the clerk of this court an authenticated copy of the record, and the appellee has filed with the clerk of this court a certified transcript of the judgment appealed from, with the order of the court below granting the appeal, and the supersedeas bond, and has moved to affirm the judgment of the court below and to give judgment against the sureties on the supersedeas bond.

Section 2777 of Pope's Digest provides:

"The Supreme Court may make rules for the convenient dispatch of business, the preservation of order, the argument of cases, or motions, the manner and time of presenting motions or petitions for rehearing, the time of issuing its mandates and decisions and modes of enforcing its mandates and orders, and may change the same.  Provided, no mandate shall issue or decision become final until after fifteen judicial days from the time the decision was rendered, unless the court, for good cause shown, shall otherwise direct.  If a petition

for rehearing be filed before the time for the decision to become final, as above specified, all proceedings upon the decision and mandate therein shall be suspended until petition for rehearing shall be acted upon by the court. Provided, the court in term time, or a judge thereof in vacation, may enlarge the time for filing petitions for rehearing, not exceeding thirty additional days, and order that all proceedings upon the decision be stayed during such time. But the party applying for an extension or enlargement of the time for filing a petition for rehearing must do so within fifteen judicial days from the time the decision was rendered and show good cause for such enlargement and reasonable notice of the application must first be given the opposite party or his attorney of record. Any order for the extension of time made by a judge of the court shall be subject to the order of the court.''

The above statute is an amendment of § 1230 of Kirby's Digest which is taken from the Civil Code. Under the authority of the law this court adopted Rule VII, which reads as follows:

"In all civil cases when the appeal has been taken more than ninety days and a supersedeas bond filed, and the appellant has not filed in the office of the clerk an authenticated copy of the record, the appellee, may, at any time, file in this court a certified transcript of the judgment, order or decree appealed from, the order granting the appeal and the supersedeas bond, with his motion to dismiss the appeal or affirm the judgment; and the appeal shall be dismissed or the judgment affirmed by the court at the cost of the appellant, unless the appellant pays the costs incurred on his motion and offers in good faith to prosecute his appeal and tenders an authenticated copy of the record, or shows good cause for a failure to tender the record entitling him to an extension of time for filing it under § 2135 of Crawford & Moses' Digest; provided a notice of ten days of such intended motion be given the appellant or his attorney of record; and provided further, that the judgment will

not be affirmed when the appeal has been voluntarily dismissed before the submission of said motion.

"Where an appeal has been improperly granted, or the appellant's right to further prosecute the same has ceased, the appellee may immediately move the dismissal of such appeal and the court shall determine the merits of such motion as expeditiously as possible."

In the case of *Bush, Receiver* v. *Barksdale,* 122 Ark. 262, 183 S. W. 171, L. R. A. 1917A, 111, this court said: "If the appeal be not prosecuted, the appellee has the right under the statute (Kirby's Digest, § 1195), to file a transcript of the record, and ask for an affirmance, which operates as a final adjudication of the rights of the parties in the subject-matter of the litigation."

In the case of *Chaffin* v. *McFadden,* 44 Ark. 523, Chief Justice COCKRILL, speaking for the court, said: "The statute which regulates the practice in this particular (Mansf. Rev. St., § 1306), does not limit the right of filing such motion or having it acted upon to any particular time or term, but contemplates an affirmance of the superseded judgment, where the court is satisfied that the appeal is taken for delay, at the earliest practicable moment. The court will not lend its aid to parties prosecuting frivolous appeals by interposing the barrier of one or more terms for their protection. To do this, would be to aid the object of the appeal by giving the desired delay."

Section 2742 of Pope's Digest provides: "The appellee may file an authenticated copy of the record in the clerk's office of the Supreme Court with the same effect as if filed by the appellant."

It will be observed that this section does not limit the right of filing the motion or having it acted upon to any particular time or term. It is contended that the case of *Sample* v. *Manning,* 168 Ark. 122, 269 S. W. 55, is controlling. That case does not discuss or mention Rule VII. It does hold, however, that the court had no jurisdiction, not even jurisdiction to dismiss the appeal. In that case Chief Justice McCULLOCH, in a dissenting opinion, said: "The decision of the majority has over-

turned a rule of practice which has been adhered to in this court for a great many years, and which found expression in the opinion of the court in *Gross* v. *State*, 89 Ark. 482, 117 S. W. 531.''

The case of *Gross* v. *State, supra,* was a criminal case and the court said: ''Rule VII of this court, concerning motions to affirm judgments on account of failure of appellants to prosecute appeals, applies only to civil cases, and cannot be invoked in a criminal case.'',

In the case of *The North State Fire Ins. Co.* v. *Dillard,* 86 Ark. 561, 111 S. W. 1003, Rule VII was approved by this court and was at that time amended so as to permit the first appeal to be prosecuted if the costs incident to it and the motion are paid by appellant, and if he, in good faith, then offers to prosecute his appeal and filed his transcript pursuant to the statute, and further amended the rule so that an affirmance cannot be taken when a second appeal has been granted before the motion is submitted.

Section 4 of Art. 7 of the Constitution of 1874 defines the power and jurisdiction of this court, and this provision was in effect at the time Rule VII was adopted. It has not been changed in any way. The statutes are substantially the same. Rule VII with other rules was adopted by this court March 7, 1885, about fifty-two years ago. The court at that time was composed of S. R. Cockrill, Chief Justice, John R. Eakin, and William W. Smith, Associate Justices. These men were great lawyers and certainly would not have adopted a rule that they did not think the law authorized. The rules, including Rule VII, were printed in volume 43 of the Arkansas Reports. Some mistake appeared in the printing of the rules, and the mistakes were corrected and the rules were again printed in volume 44 of the Arkansas Reports.

When this court held that Rule VII applied to civil cases only, *Gross* v. *State,* 89 Ark. 482, 117 S. W. 531, the court was composed of five judges, Joseph M. Hill, Chief Justice, B. B. Battle, C. D. Wood, J. C. Hart and E. A. McCulloch, Associate Justices. So far as the record shows, no objection to rule VII was ever made, but it

has been in existence for 52 years and that part of it involved here has never been changed. It is true that the statute limits the time in which an appeal may be prosecuted by the appellant, but there is no statute limiting the time in which the appellee may file the record and move for an affirmance.

In adopting Rule VII and approving it by this court for the last 52 years, the court necessarily construed the Constitution with reference to the court's power and the statutes also. A cardinal rule in dealing with constitutional provisions is that they should receive a consistent and uniform interpretation so that they shall not be taken to mean one thing at one time, and a different thing at another time. Certainly, when a constitutional provision or a statute has been construed, and that construction consistently followed for many years, such construction should not be changed.

The power of the court to adopt Rule VII has been recognized for many years. Without Rule VII or some similar rule, a judgment might be had against a party and no errors committed in the trial, and appeal prosecuted for the purpose of delay only, and thereby prevent the appellee from enforcing the judgment for six months.

The case of *Sample* v. *Manning*, 168 Ark. 122, 269 S. W. 55, in so far as it is in conflict with this opinion is overruled.

The petition of the appellee is granted, the judgment is affirmed, and judgment against the sureties on the supersedeas bond.

McHANEY, BAKER and DONHAM, JJ., dissent.

McHANEY, J. (dissenting). Appellee secured a judgment against appellant in the trial court. On the overruling of his motion for a new trial, he prayed and was granted an appeal to this court, and filed a supersedeas bond. He failed to perfect his appeal to this court within six months, and after six months appellee filed a transcript of the record and moved to affirm the judgment under Rule VII of this court. This relief has been granted by the majority and, in doing so, they have expressly

overruled *Sample* v. *Manning*, 168 Ark. 122, 269 S. W. 55. From this action, I respectfully dissent.

Appellee's only purpose in taking this procedure is to get a judgment of this court against appellant and the surety on his supersedeas bond, so that execution out of this court may go against both. This, in my judgment, cannot be done, as this court has no jurisdiction, because the appeal was not taken in six months. Section 2741, Pope's Digest, provides: "It shall be the duty of the appellant to file in the clerk's office of the Supreme Court, within ninety days after the appeal or writ of error is granted, an authenticated copy of the record, otherwise his appeal or writ of error shall be dismissed; but the Supreme Court may for cause shown extend the time for filing such copy."

Section 2742 provides: "The appellee may file an authenticated copy of the record in the clerk's office of the Supreme Court with the same effect as if filed by the appellant."

Section 2746 provides: "An appeal or writ of error shall not be granted, except within six months next after the rendition of the judgment, order or decree sought to be reviewed, unless the party applying therefor was an infant, or of unsound mind at the time of its rendition, in which cases an appeal or writ of error may be granted to such parties, or their legal representatives, within six months after the removal of their disabilities or both."

My conception of these statutes is this: If appellant fails to perfect his appeal in 90 days, appellee may do so at any time within six months and move as provided in Rule VII. But if the appeal is not perfected by either party within the limitation provided in § 2746, then this court is without jurisdiction to grant any relief, or to take any affirmative action, and Rule VII does not undertake to provide otherwise, or, if it does, it is invalid in so far as it may attempt to abrogate said section.

It is well settled that the statutory provision which limits the time in which an appeal may be taken is jurisdictional, and that if not taken in time, there is no jurisdiction, except for fraud. *Spratlin* v. *Haller*, 69 Ark.

281, 62 S. W. 904; *Sample* v. *Manning,* 168 Ark. 122, 269 S. W. 55; *Field* v. *Waters,* 148 Ark. 325, 229 S. W. 735; *Bank of El Paso* v. *Neal,* 181 Ark. 788, 27 S. W. 2d 1024; *Camden Gas Corporation* v. *Camden,* 183 Ark. 583, 37 S. W. 2d 74.

This case is in point in every detail with that of the late Judge HART in *Sample* v. *Manning, supra,* except in that case the motion was to dismiss the appeal. There, the motion to dismiss was denied and the appeal was ordered stricken from the docket. This decision was by a divided court, but even the late Chief Justice McCUL-LOCH, who wrote the dissent, concurred in by one of the present majority, did not suggest that this court acquired jurisdiction to grant any affirmative relief, such as affirming the judgment, as the majority have here done, but only that this "Court always has the power to decide a question relating to its own jurisdiction, and, for the purpose of determining whether or not it has jurisdiction, it may decide whether or not an appeal has been properly taken and dismiss an appeal which has not been properly taken and perfected."

The appellee is not without a remedy. It was said in that case: "To sum up: in cases where the time for appeal has expired, the party recovering judgment in the court below has the right to have execution against the losing party. If a supersedeas bond has been given, he may sue on it. He could acquire no greater rights if we should hold the better practice to be to allow him to docket the appeal in this court for the very purpose of dismissing it.

"Therefore we conclude that the better practice would have been for the clerk to have refused to have docketed the appeal in this case, and, in conformity with this view, the cause will be ordered stricken from the docket of this court."

This decision has been the law in this state since 1925 and I see no good purpose to be served in now changing the practice. The evil is that it is further evidence of the instability of judicial decisions.

Mr. Justice BAKER and Mr. Justice DONHAM concur in this dissent.