PIPPIN v. MAY.

Opinion delivered February 17, 1906.

1. ROAD—WHEN PUBLIC.—A road established under Kirby's Digest; § 3010, providing that when it is necessary for the owner of land to have a private road to a public road or watercourse, the county court may order such road to be laid off over the land of another, though called a private road because the cost of opening and keeping it in repair is not to be borne by the general public, but by the individual who petitions for its establishment, is in fact a public road. (Page 20.)

2. SAME—WHEN NECESSARY.—Kirby's Digest, § 3010, providing that when it is "necessary" for the owner of land to have a private road to a public road or watercourse, the county court may order it to be laid off over another's land, does not require that the petitioner should show an absolute necessity for such road by showing that he had no other means of reaching the public highway; if the road which petitioner already has is at times difficult to travel and expensive to keep in repair, and the proposed road is better located, and can be established without great injury to any other person, it is necessary, within the statute. (Page 21.)

3. SAME.—In determining whether a road is necessary, under Kirby's Digest, § 3010, the county court should take into consideration, not only the convenience and benefit of the limited number of persons it serves, but also the injury and inconvenience it will occasion to owner of the land through which it is proposed to extend the road. (Page 21.)

Appeal from St. Francis Circuit Court; *Hance N. Hutton,* Judge; reversed.

STATEMENT BY THE COURT.

L. H. Pippin filed a petition in the St. Francis County Court for the establishment of a road from his place across land of defendant, May, to connect with the public highway. He stated in his petition, among other things, that he was the owner of eighty acres of land, N. ½, N. W. ¼, sec. 35, T. 6 N., R. 3 east, in that county, which was his homestead; that the shortest distance from his house to the public road is along the west boundary of S. W. ¼ of N. W. ¼ of sec. 35, which is only ¼ of a mile, and is on high ground where a good road can be easily made. That, as he is now situated, he is compelled to travel nearly three-quarters of a mile to reach the public road, and a large part of the distance is over low swampy land, where it is almost impossible to travel, and that on this account it is with great difficulty that

he can have ingress and egress during the winter months. He further stated that the land across which he wished to establish the road belonged to the defendant, F. G. May, who persistently refuses to sell or to allow plaintiff a right of way over the land. Wherefore he asks that viewers be appointed to view and locate a private road for him over said land.

The defendant appeared, and filed an answer, denying that it was necessary to open such road for the reason that there was already a good and sufficient road connecting the place of plaintiff with the public highway. He also alleged that the opening of the road would be a great inconvenience and loss to defendant, and he asked that the petition be refused.

The county court refused the petition. On the trial in the circuit court, where the case was carried by appeal, there was evidence tending to support the allegations of the petition, and also evidence tending to show that plaintiff had already a good and sufficient road from his place to the public highway, and that the road that plaintiff petitioned for would cut the land of the defendant into two parts, and cause him much additional expense, and that it was not necessary to open such road.

The court declared the law to be as follows, towit: "That the law of eminent domain is not involved in this case, and that one person is not entitled to a private road through the land of another, except in case of absolute necessity, and where he has no other way of ingress and egress, and that it makes no difference if he does have to travel a longer distance to reach the public highway to and from his premises, and that the fact that he does have to travel a longer route by his old road than he would have to travel by the road he applies for, as in this case, makes no difference, as it is only a matter of convenience, and not a matter of necessity to him."

*John Gatling,* for appellant.

Appellee, *pro se.*

RIDDICK, J., (after stating the facts.) This is an appeal from a judgment of the circuit court, which affirmed a judgment of the county court that refused to order a road opened over the

land of defendant to connect the homestead of plaintiff with the public highway.

Our statute provides that "when the lands, dwelling-house or plantation of any person is so situated as to render it necessary for the owner thereof to have a private road from such lands, dwelling-house, or plantation to any public road or watercourse over the lands of any other person, and such person shall refuse to allow such owner such private road, it shall be the duty of the county court, on the petition of such owner.  *  *  *  to appoint viewers to lay off the same." Kirby's Digest, § 3010.

Now, this court in an early case held that, although these roads were called by the statute "private roads" because the cost of opening and keeping them in repair was not to be borne by the general public, but by the individual who petitioned for their establishment, and who was specially benefited thereby, yet that they were in fact public roads. *Roberts* v. *Williams,* 15 Ark. 43.

This view is sustained by the decisions of the courts of other States, which hold that such roads are but branches of the main public roads of the State, and that, when established, they are for the use and benefit of the public at large, as well as the citizen to whose plantation or dwelling-house they lead. They do not become attached to his land, or a part of his property as a way that is strictly private may be owned, but, on the contrary, they are established for the use of the public as well as petitioner, and may be discontinued or changed when the public interests require it. *Belk* v. *Hamilton,* 130 Mo. 292; *Denham* v. *County Comrs.,* 108 Mass. 202; *Davis* v. *Smith,* 130 Mass. 113; *Wolcott* v. *Whitcomb,* 40 Vt. 40; *Johnson* v. *Supervisors,* 61 Iowa, 89; 1 Lewis, Eminent Domain, § 167.

"The character of a road, whether public or private, is not determined by its length or the places to which it leads, nor by the number of persons who actually use it. If it is free and common to all citizens, it is a public road, though but few people travel upon it." Elliott's Roads & Streets, § 11; *Taft* v. *Commonwealth,* 158 Mass. 526; *Roberts* v. *Williams,* 15 Ark. 43.

The road which petitioner sought to have established in this case would have been for the use of the public generally whenever they saw fit to use it as well as petitioner, and, had it been established, would have been in law a public road, though the cost of

maintaining it would have rested on petitioner. It being a public road, it was not, we think, required that plaintiff should establish an absolute necessity for such road by showing that he had no other means of reaching the public highway. The fact that there is already a road leading from his place to the public highway does not conclusively show that the road that he petitioned for is not necessary.

We agree with the circuit judge that the mere fact that the road that the petitioner now has is some longer than the one he seeks to have established does not justify the court in ordering this road opened if to do so will result in great injury and inconvenience to the defendant. But if the road that he now has is not only longer but, on account of the wet and swampy condition of the land across which it is located, is at certain seasons of the year boggy and difficult to travel and very expensive to keep in good condition, and if the proposed road is better located, and can be established without great injury to the defendant, we think that, within the meaning of the statute, it is necessary. If such are the facts, the petition should be granted, and viewers appointed to locate the road and assess the damages.

In determining whether such a road is necessary, the court must, of course, take into consideration, not only the convenience and benefit it will be to the limited number of people it serves, but the injury and inconvenience it will occasion the defendant through whose place it is proposed to extend it. After considering all these matters, it is for the court to determine whether the road is, within the meaning of the law, necessary or not.

The evidence in this case is not such as would justify us in disturbing a finding of the court against the petitioner, but it appears that the court did not pass on the question of whether the road was necessary within the meaning of the statute as above defined, but held that there must be an absolute necessity for such a road, and that, if the public highway could be reached by plaintiff in any other way, no relief could be granted. There are, no doubt, cases in other States to sustain this view, but, following the case of *Roberts* v. *Williams,* above cited, we are of opinion that the law of this State is different, and that the statute of eminent domain can be used to establish this road if the present road is, on account of its location, impracticable and insufficient.

The judgment is therefore reversed, and the cause is remanded for a new trial.