HOUSTON *v.* HANBY.

Opinion delivered July 11, 1921.

1. HIGHWAYS—ESTABLISHMENT OF PRIVATE ROAD—DAMAGES.—Under Crawford and Moses' Dig. §§ 5250-1, authorizing the county court to establish a private road across another's land, evidence *held* to justify a finding that the damage to the owner's land did not exceed $25.

2. HIGHWAYS—ESTABLISHMENT OF PRIVATE ROAD.—Crawford and Moses' Dig., §§ 5250, 5251, providing that when it is necessary for the owner of lands, dwelling house or plantation to have a private road across another's land to a public road or watercourse, the county court may order such road to be laid off at the petitioner's expense, *held* to authorize the establishment of a private road for the benefit of the owner of lands, whether occupied or unoccupied, and the road established thereunder becomes a public road, in the sense that it is open to the use of all who see fit to use it.

3. HIGHWAYS—PRIVATE ROAD—NECESSITY.—In determining whether a private road is necessary, under Crawford and Moses' Dig., §§5250-1, it is not required that the petitioner show an absolute necessity for such road by showing that he had no other means of reaching the public highway or watercourse.

4. HIGHWAYS—PRIVATE ROAD—NECESSITY.—In determining whether a road is necessary, under Crawford and Moses' Dig. §§ 5250-1, the county court should take into consideration not only the convenience and benefit it will be to the limited number of people it serves, but also the injury and inconvenience it will occasion to the owner of the land through which it is proposed to extend the road.

5. HIGHWAYS—PRIVATE ROAD—NECESSITY.—The trial court's finding that a proposed private road was necessary to enable petitioner to haul logs to a public road was sustained by evidence that the proposed road runs about 125 or 150 yards through appellant's cleared

land, to his damage in the sum of $25; that another route suggested by appellant was along a steep grade with sharp angles which rendered it impossible to haul logs, and would cost petitioner from $500 to $1000 for bridges; and that petitioner could reach a public road by travelling two and a half miles by a route by which it was impracticable to get out the logs.

Appeal from Madison Circuit Court; *W. A. Dickson,* Judge; affirmed.

*Oscar H. Winn* and *H. R. Whyte, f*or appellant.

*Combs & Combs, f*or appellee.

McCulloch, C. J.   This is a proceeding originating in the county court of Madison County on the part of appellee to establish a road from certain lands of appellee across lands of appellant to a public road. The proceeding is based on the statute which provides that if "the lands, dwelling house or plantation of any person is so situated as to render it necessary for the owner thereof to have a private road from such lands, dwelling house or plantation to any public road or navigable water course over the lands of any other person, and such person shall refuse to allow such owner such private road, it shall be the duty of the county court, on the petition of such owner, * * * to appoint the viewers to lay off said road," and that upon the report of the viewers if "the court shall be of the opinion that it is necessary for the petitioner to have said road from his said lands, dwelling house or plantation to said public road or navigable water course, and said petitioner shall pay all costs and expenses accruing on account of said petition for such private road, * * * an order shall be made establishing the same as a private road, not exceeding fifteen feet wide, and the person applying for such road may proceed to open the same." Crawford & Moses' Digest, §§ 5250, 5251.

The county court granted the petition of appellee, and upon the report of the viewers made an order authorizing the opening of the road across appellant's land. The viewers awarded damages to appellant in the sum of $25, which said award of damages the county court

approved. Appellant prosecuted an appeal from this order to the circuit court. There was a trial of the issues as to the right of appellee to have the road established and as to the amount of damages to be awarded, and the trial resulted in a judgment of the circuit court establishing the road in accordance with the order of the county court and.awarding to appellant the same amount of damages as was awarded by the viewers in their report and by the county court in its judgment. An appeal has been duly prosecuted to this court.

The only question presented for our consideration is whether or not there was evidence sufficient to sustain the findings of the court upon the issues involved. The land of appellant over which the road is sought to be established is a small farm in Madison County, occupied by appellant as his homestead.. Only a small portion of the land is in cultivation, as we understand the testimony, though the amount is not shown. Appellee owns an adjoining tract containing 160 acres of unenclosed timber lands. He owns and operates a sawmill a few miles distant from this land, and at the time the present proceeding was instituted he was engaged in cutting the timber from his own lands and hauling it to his mill. He claimed that it was necessary to have a road across appellant's land in order to haul the timber away from his own land. It appears from the testimony that there was an old road across appellant's land along the route now sought to be established—not a public road, nor a private way acquired by prescription, but there had been a country road used to some extent by appellee and others —and appellant stopped up this road by cutting timber across it and refused to permit appellee to use it in hauling his logs. Appellant offered to open up another road around the edge of his place and permit appellee to use it, but the contention of appellee is that that road was an .impractical one by reason of the fact that the grade was too steep, the angles too sharp and that it was too expensive to build bridges across the gulches.

There is a conflict in the testimony as to the amount of damage to appellant in opening up the proposed road, but in testing the legal sufficiency of the evidence we must view it in the light most favorable to appellee's cause. The road viewers were introduced as witnesses by appellee and there were certain other witnesses and each of the parties testified themselves. According to the evidence adduced by appellee, the proposed road runs about 125 or 150 yards through appellant's cleared land, *i. e.*, a small field enclosed by a two-wire fence. At the time the road was laid out appellant had planted sugar cane. The viewers testified that the laying out of the road that way cut off a small patch of about three-fourths of an acre from the remainder of the field and that the total damage, including the value of the land taken and the inconvenience in using the remainder of the land and loss of the crop, did not exceed $25. There was, we think, sufficient evidence to justify the finding that the award of $25 was proper compensation to appellant for his injury.

It will be observed that the language of the statute is broad enough to include all lands whether occupied or unoccupied, and, as said by this court in construing the statute, a road established thereunder becomes a public road in the sense that it is open to the use of all who see fit to use it. *Roberts* v. *Williams,* 15 Ark. 43; *Pippin* v. *May,* 78 Ark. 18; *Carter v. Bates,* 142 Ark. 417.

In *Pippin* v. *May, supra,* Judge RIDDICK, speaking for the court, said:

"It being a public road, it was not, we think, required that plaintiff should establish an absolute necessity for such road by showing that he had no other means of reaching the public highway. The fact that there is already a road leading from his place to the public highway does not conclusively show that the road that he petitioned for is not necessary. * * * In determining whether such a road is necessary, the court must, of course, take into consideration, not only the convenience

and benefit it will be to the limited number of people it serves, but the injury and inconvenience it will occasion the defendant through whose place it is proposed to extend it. After considering all these matters, it is for the court to determine whether the road is, within the meaning of the law, necessary or not."

In that case the facts were that the petitioner sought to establish a road over adjoining lands for a distance of about a quarter of a mile when he had the use of another road about three-quarters of a mile long, which, at certain seasons of the year, was boggy and difficult to travel. The judgment of the circuit court was reversed on account of a declaration made by the court stating the law to be that "one person is not entitled to a private road through the land of another except in case of absolute necessity and where he had no other way of ingress and egress."

In the recent case of *Carter* v. *Bates, supra,* the facts were, according to the undisputed evidence, that the land over which the road was sought to be established was a valuable farm which was tile-drained and that the establishment of the road and traveling over it would cause ruts to be formed and the tiling broken and that injurious consequences would inevitably result to the owner by establishing the road out of proportion to the expense and inconvenience of adopting another route.

In the present case there is testimony to the effect that appellant was injured only to the extent of $25 by establishing the road along the proposed route, and that he sustained less injury to his farm than by adopting the other road which he was willing to give around the edge of his place. It is also shown that the road which appellant proposed to give around his place was along a very steep grade, and that there were sharp angles which rendered it impossible to haul logs that way. It was also shown that it would cost from $500 to $1,000 to build bridges across the gulches. There was testimony also that appellee could get out to a public road by traveling

about two and a half miles, but appellee and some of his witnesses testified that it was impracticable to get the timber out by hauling it along that route. Appellee, after stating the facts with reference to the location of the proposed road and of the other road named, gave his positive opinion that the use of this road was a necessity in affording ingress and egress to and from his land.

We think the evidence is legally sufficient to sustain the findings.

Judgment affirmed.