WELLS RIGGS v. TONY BERT, ET AL

4643                                    432 S.W. 2d 852

Opinion Delivered October 28, 1968

*Garner & Parker* for appellant.

*Wayland Parker* for appellee.

CONLEY BYRD, Justice.    This action was instituted in the county court by appellant Wells Riggs pursuant

---

to Ark. Stat. Ann. § 76-110 (Repl. 1957), to have a private road established across the land of appellees Tony Bert and Avis Bert. The county court followed the procedure outlined in the statute, found the road to be necessary and assessed damages at $400. The Berts appealed to the circuit court where by agreement the only issues submitted to the jury were the necesstiy for the road and the amount of the damages. From a judgment on a jury verdict in favor of the Berts, Mr. Riggs appeals alleging that the trial court erred in permitting testimony concerning the total acreage owned by him; allowing evidence of an existing creek crossing on the Bert land at a point unrelated and unconnected with the lands in question; and that the verdict of the jury is not supported by substantial evidence.

The record shows that Riggs owns the E½ of Lot 2 of the NW¼ of Sec. 5, T 7, N-R, 30W, and that the Berts own the property to the west and south of the Riggs property. Big Vache Grasse Creek crosses Riggs' western boundary in three places and his southern boundary in such manner as to leave a total of 18 acres, in two different tracts, west of the Big Vache Grasse Creek and bounded by property owned by the Berts.

Mr. Riggs testified that the best use of his land is for grazing cattle and that the nature of the creek is such that when it floods, any cows on his property on the west side of the creek are trapped so that he cannot remove them from the flood hazards. He and his witnesses, including two of the viewers appointed by the county court, all testified that it was necessary for Riggs to have access across the Bert land to reach his two tracts; that the access across the Bert land would not materially affect the Bert property; and that the damages would be only $400.

Melvin Bell, an engineer, made an inspection of the creek and testified that it would cost from $8,000 to

$14,000 to bridge the creek, depending on whether he used a low water bridge or a wooden bridge across the creek. He pointed out that a low water bridge, of course, would not permit crossing during times of flood waters.

Witnesses called by the Berts, local residents of the area, pointed to a creek crossing on Mr. Bert's land and testified that Riggs could make a low water crossing on his land at a cost of $150 to $200 by using a bulldozer to cut down the bank and filling the bottom with rock. Both Mr. Bert and his witness, Jack Neal, testified that the proposed road would damage his land in the amount of $15,000.

There is testimony by way of rebuttal that the crossing on the Bert property is a "natural crossing" because of a shale formation in the area.

On the issue of the necessity of access across the Bert property, the trial court instructed the jury in accordance with *Pippin* v. *May,* 78 Ark. 18, 93 S.W. 64 (1906), and from the record we are unable to say that there is no substantial evidence to support the jury finding that the access across the Bert land was not necessary.

The record shows that Mr. Riggs owns additional lands to the east of the property here involved. Testimony relative thereto may be irrelevant and immaterial to the issue of the accessibility of the 18 acres, but we are unable to find any prejudice with respect thereto.

The testimony relative to Bert's crossing on the same creek was permitted by the trial court to show that a similar type crossing could be placed on the Riggs' land at a reasonable cost. As we read the record, one of the issues in the case was whether appellant could cross the creek for purposes of using his land at a reasonable cost. We hold that such testimony was admissible for that purpose.

Affirmed.