H. C. AHRENS, JR. *v.* MONNIE RUTH HARRIS
ET AL

5-5594                                    468 S. W. 2d 236

Opinion delivered June 14, 1971

*Clark, Clark & Clark,* for appellant.

*Robert W. Henry,* for appellees.

CONLEY BYRD, Justice. Appellant H. C. Ahrens, Jr., the owner of lands in sections 30, 31 and 32, T. 6 N., R. 12 W., brought this action against appellees Monnie Ruth Harris and Jim and Peggy Harris, husband and wife, to lay off a private road pursuant to Ark. Stat. Ann. § 76-110 (Repl. 1957), across a seven acre tract owned by Jim Harris, subject to the homestead and dower rights of his mother. The county court denied appellant's application for lack of necessity. A circuit court jury also found adversely to appellant on the issue of necessity. For reversal appellant here contends that the trial court erred in permitting the introduction of evidence showing a unity of use between the 7 acre tract and a 172 acre adjoining tract owned only by Jim Harris and his wife Peggy, and that there was no substantial evidence to support the verdict.

Appellant purchased his property in 1959. At that time the access across Palarm Creek to his property from Highway No. 36 was by way of a low-water bridge which is still in existence. There is also a public mail route road along the western half of his south property line. In 1959 there was a three-way trade of some property between Ahrens and Jim Harris' father and grandfather whereby appellant acquired some right-of-way out to Highway No. 36. In 1961 the Highway No. 36 bridge across Palarm Creek washed out. When the bridge was rebuilt the highway dump was raised approximately 3 feet and the bridge reconstructed so as to permit a greater flow of water.

Mr. Ahrens testified about the difficulty in crossing the low-water bridge following heavy rains. With reference to the access available along the public mail road along the western part of his southern boundary, he stated that to build a private road from his house back to where the public road leaves his property would require the building of a road approximately three-quarters of a mile or more. There being a steep grade in the area, he rejected this possibility because of the cost of the initial construction of the road plus maintenance problems. Another alternative would be to move down Palarm Creek a short distance from the low-water bridge and construct an all-weather bridge at an estimated cost of $11,000.00. The third alternate, which he asked the court to lay out, would be to cross 600 feet of the seven acre tract to intersect Highway No. 36 at a point north of where the highway crosses Palarm Creek. This latter alternative would only require a bridge across the West-fork of Palarm Creek and according to appellant's estimate would cost around $4,000.00 plus the cost for acquisition of the easement. On cross-examination appellant testified that there was no roadway on the south and west portion of his property which is passable with a vehicle but admitted that there had been a logging road in that area.

Monnie Ruth Harris testified about the title to the 7 acre tract and the title to the 172 acre tract owned by her son and his wife, both of which are used in a part-

nership cattle operation. All of the improvements relating to the cattle operation, consisting of a barn, silage pits and feeders, are located on the 7 acre tract. According to her, appellant's proposed route across her property would create great inconveience to their cattle operation and also possible damage to the silage pit. In addition she pointed out that there was a mail route that touched appellant's property on the west which is frequently used. She testified that when Willis Smith, one of the appellant's tenants, lived on the property, he used the so-called logroad to get in and out of the property when water would not permit crossing the low-water bridge to Highway No. 36.

Jim Harris testified about the difficulty that appellant's proposed road would have with their cattle operation and also that it would run water into their silage pits. He too testified that there was a road across appellant's farm going toward the south and that appellant's tenant Willis Smith had used it when Palarm Creek was up.

Both parties recognize that the applicable law is well stated in *Pippin* v. *May*, 78 Ark. 18, 93 S. W. 64 (1906), wherein it is said:

"In determining whether such a road is necessary, the court must, of course, take into consideration not only the convenience and benefit it will be to the limited number of people it serves, but the injury and inconvenience it will occasion the defendant through whose place it is proposed to extend. After considering all these matters, it is for the court to determine whether the road is, within the meaning of the law, necessary or not."

From a review of the record we find that there is substantial evidence to support the jury's finding that there was no necessity for a private roadway on the property of the appellees.

Furthermore, we think that the evidence with reference to the inconvenience that the roadway would

cause the appellees was properly admissible. The record title to the 7 acre tract stood in the name of Jim Harris subject to the homestead and dower rights of his mother, Monnie Ruth Harris. The record also shows that this 7 acre tract was used through a partnership arrangement between Jim Harris and his mother with an additional 172 acre tract owned by Jim Harris and his wife Peggy. Of course the issue here was the inconvenience that it would cause the landowners and not necessarily the unity of use for condemnation purposes. However, the authorities do no necessarily support appellant's contention that such evidence is not admissible for condemnation purposes. See *I. I. & I. R. R. Company* v. *Conness*, 184 Ill. 178, 56 N. E. 402 (1900).

Affirmed.