Jerry ARMSTRONG and Linda ARMSTRONG, His Wife
*v.* Frankie HARRELL et al, Directors of the Mayflower
School District

82-277                                        648 S.W.2d 450

Supreme Court of Arkansas
Opinion delivered March 28, 1983

*Guy Jones, Jr., P.A.,* for appellants.

*Brazil & Clawson,* for appellees.

ROBERT H. DUDLEY, Justice. Appellants filed a petition in county court alleging that they have no reasonable means of access to their land. They asked that a road be established across appellee's property pursuant to Ark. Stat. Ann. § 76-110 (Repl. 1981). The statute requires a petitioner to make a deposit sufficient to pay all costs and expenses and the county judge to appoint road viewers to examine the route proposed or any other route they deem proper. If the road viewers determine that a road is necessary, they are then required to lay out the road, make an estimate of the damages to the landowner and make a report of all of the above to the county court. The appellants did not make the deposit and the road viewers were not appointed. Appellee, a school district, filed a general denial in county court and, in addition, pleaded that the proposed taking was improper because appellants had other access to their property and the proposed road across school property would unnecessarily endanger school children. The county court denied the petition and appellants appealed to the circuit court. At the circuit court trial the appellee orally raised the issue of the appellants' failure to comply with the statute. Appellants objected, claiming surprise and that the issue could not be raised for the first time on appeal. The court allowed the amendment to the pleadings but did not dismiss the appeal and, instead, heard the case on its merits. The trial court then denied any relief to appellants. We affirm. Jurisdiction is vested in this Court pursuant to Rule 29 (1) (c).

Appellants first contend that the trial court erred in allowing appellee to orally amend its pleadings at the commencement of the trial. There is no reversible error for two reasons. First, the circuit court, after a trial in county court, may permit amendments and new issues to be raised, excepting set off and a new cause of action. *Crockett Motor Co.* v. *Thompson,* 177 Ark. 495, 6 S.W.2d 834 (1928), citing *Texas & St. Louis Ry.* v. *Hall,* 44 Ark. 375 (1884); Ark. Stat. Ann. § 27-2007 (Repl. 1979). Second, even if our law did not permit amendment on appeal to circuit court, there was no prejudice because the circuit court allowed the case to proceed to trial on the merits although the appellants never made a deposit for costs and road viewers were not appointed. Thus, appellants suffered no harm by the ruling.

Appellants' second point is that the trial court applied a higher standard of proof than is proper. The correct standard was well stated in *Pippin* v. *May,* 78 Ark. 18, 21, 93 S.W. 64, 65 (1906):

> In determining whether such a road is necessary, the court must, of course, take into consideration, not only the convenience and benefit it will be to the limited number of people it serves, but the injury and inconvenience it will occasion the defendant through whose place it is proposed to extend. After considering all these matters, it is for the court to determine whether the road is, within the meaning of the law, necessary or not.

The trial court considered all of the factors and declined to exercise the right of eminent domain for a public road across appellee's land. *See Dowling* v. *Erickson,* 278 Ark. 142, 644 S.W.2d 264 (1983). Even if the trial judge announced the wrong reason, we will sustain the judgment if it is right, *Reeves* v. *Ark. La. Gas Co.,* 239 Ark. 646, 391 S.W.2d 13 (1965), and we consider the evidence most favorably to appellee and affirm unless the decision of the trial court is clearly erroneous. ARCP Rule 52; *Orsby* v. *McGee,* 271 Ark. 268, 608 S.W.2d 22 (1980). Here, the evidence established that appellants have a means of access across their land but that construction of this alternate route

would be expensive. The proposed road, although less costly, would inconvenience the appellee school district because it would intersect a school parking lot and endanger the school children on the property. In addition, although a public road, the proposed road would benefit only appellants. From a review of the record we cannot say that the trial judge was clearly erroneous in determining that the road across appellee's land was not necessary within the meaning of the statute.

Affirmed.

HICKMAN, J., concurs. See *Dowling* v. *Erickson*, 278 Ark. 142, 644 S.W.2d 264 (1983).