Sheila CASTLEMAN *v.* Billy DUMAS et ux

83-43                                                    652 S.W.2d 629

Supreme Court of Arkansas
Opinion delivered June 20, 1983

464

*David M. Donovan,* for appellant.

*W. Q. Hall,* for appellees.

ROBERT H. DUDLEY, Justice. Billy and Elda Dumas, appellees, filed a petition in the County Court of Madison

County alleging that they have no access to their lands. They petitioned the court to appoint road viewers to lay out a road connecting their land to a county road running along appellant's land. The county court appointed three viewers who determined that it is necessary for appellees to have a road laid over appellant's land. They established where the road should be and assessed damages totaling $2,500. The county judge issued an order in accordance with the viewers' report and appellant, Sheila Castleman, appealed to circuit court.

The circuit court found that it is necessary that the appellees have a road laid out and established to their property; that the road laid out by the viewers is the most reasonable and feasible route considering the convenience and inconvenience to all parties concerned; and that the damages set by the viewers for the road easement are reasonable and proper. We affirm. Jurisdiction is in this Court pursuant to Rule 29 (1) (c).

Appellant raises three points for reversal. First she alleges that the circuit court erred in failing to consider the requirement of necessity for the proposed road as required by Ark. Stat. Ann. § 76-110 (Repl. 1981). In *Pippin* v. *May*, 78 Ark. 18, 21, 93 S.W. 64 (1908), we stated as follows:

> In determining whether such a road is necessary, the court must, of course, take into consideration, not only the convenience and benefit it will be to the limited number of people it serves, but the injury and inconvenience it will occasion the defendant through whose place it is proposed to extend it. After considering all these matters, it is for the court to determine whether the road is, within the meaning of the law, necessary or not.

The trial court specifically found that it was necessary that the appellees have a road laid out to their property. Appellant, however, argues that appellees had access to their land over another portion of appellant's land, although the alternate route was less convenient to the appellees. Appellant is correct that mere inconvenience is not a sufficient

reason to entitle one to condemn a private right-of-way over another's land. *Mohr* v. *Mayberry,* 192 Ark. 324, 90 S.W.2d 963 (1936). However, in this case, unlike the situation in *Mohr,* the evidence established that appellees did not have a way off their own land to the highway and were not seeking to condemn appellant's land for their own convenience. The road viewers, the county court, and the circuit court all found that the proposed road was necessary to give the appellees a means of ingress and egress. In addition, the proposed route was found to be the most convenient and the least injurious to all parties involved, including appellant.

The appellant did not appear in person at the trial and her attorney called no witnesses. All of the witnesses were called by the appellees. Although appellant argues that she offered and would have preferred the road on another portion of her property, there is no evidence of this in the record.

Second, appellant argues that the circuit court erred in requiring the appellant to show that the order of the county court was incorrect. There was no prejudice because the circuit court allowed the case to proceed to trial with the appellees establishing their case *de novo* as required by Ark. Stat. Ann. § 27-2007 (Repl. 1979). *See also Armstrong* v. *Cook,* 243 Ark. 230, 419 S.W.2d 308 (1967). Appellant contends that despite the appellees' assumption of the burden of proceeding first with their proof, she erroneously retained the burden of establishing the critical issues such as necessity and damages. There is no merit to appellant's contentions, however, because the findings of the trial court on all of the critical issues are supported by the unrefuted evidence presented by the appellees and are not clearly erroneous. ARCP Rule 52; *Alley* v. *Rodgers,* 269 Ark. 262, 599 S.W.2d 739 (1980).

Finally, appellant contends that the circuit court erred in assessing damages. The road viewers set appellant's damages at $2,500. Ark. Stat. Ann. § 76-110 (Repl. 1981) provides for the assessment of damages by the viewers and the trial court found their assessment reasonable. The viewers testified that in assessing damages they considered

the value of the land taken, the fact that fences would have to be built, and the "nuisance value." The appellant did not submit any evidence nor did she refute the qualifications of the viewers or their testimony. The trial court's findings on this issue were supported by the evidence and not clearly erroneous. ARCP Rule 52.

Although this case is affirmed, the appellant is entitled to her costs of the appeal to this Court in this particular type of case. The reason is that it would be most unfair to take one's land and require her to pay the costs of that proceeding. *Parrott* v. *Fullerton,* 209 Ark. 1018, 193 S.W.2d 654 (1946).

Affirmed.

HICKMAN, J., concurs. *See Dowling* v. *Erickson,* 278 Ark. 142, 644 S.W.2d 264 (1983).