EVELYN HILLS PHARMACY, INC., and Phillip J. COLWELL *v.* FIRST NATIONAL BANK OF FAYETTEVILLE

86-23                                           712 S.W.2d 291

Supreme Court of Arkansas
Opinion delivered June 30, 1986

*F.H. Martin*, for appellant.

*Mark Lindsey, P.A.*, for appellee.

ROBERT H. DUDLEY, Justice. This appeal is from a decision of the trial court holding appellant Evelyn Hills Pharmacy, Inc. liable on a promissory note and appellant Phillip J. Colwell liable as a loan guarantor of the note. We affirm the decision.

Evelyn Hills Pharmacy, Inc. is a corporation in which Richard A. Brown owned one-half of the stock and appellant Colwell owned the other half. In 1974 both Brown and Colwell executed loan guaranty agreements to appellee First National Bank of Fayetteville in which they guaranteed the notes of the corporation up to a limit of $20,000.00. In 1980 the note at issue was executed in favor of the First National Bank.

The form note was executed on August 12, 1980, in the amount of $28,000.00. It provides: "The undersigned borrower . . . promises to pay . . ." The words "Evelyn Hills Pharmacy" are typed in the upper left corner. The handwritten signature "Richard A. Brown" followed by the printed word "borrower" appears on the lower right section of the note.

$8,433.72 of the loan, for which the note is evidence, was used to retire an earlier note of the pharmacy, and the remaining $20,000.00 was deposited in the pharmacy's bank account. The pharmacy's board of directors did not authorize either the debt or

the note. Brown, who signed the note, actively managed the pharmacy and had previously borrowed money on the corporation's account. Brown did not discuss the note with appellant Colwell until about a month after it had been executed. Colwell did not take any action to repudiate the note or his guaranty agreement.

In January 1985 the note was in default, and the bank filed suit for judgment against the appellant pharmacy and appellant Colwell. The bank did not sue Richard A. Brown.

The case was tried to the court, which held that Richard A. Brown was an authorized agent of the pharmacy and had the authority to execute the note. The appellant argues that such a factual ruling is clearly erroneous. We agree, but the result reached by the trial court was the right one, and we will sustain a judgment which is right even if the trial court announced the wrong reason. *Armstrong* v. *Harrell*, 279 Ark. 24, 648 S.W.2d 450 (1983). While Brown was not authorized to execute the note, all of the stockholders, officers, and directors of the pharmacy knew of the execution of the note about a month after the fact and took no action to either limit Brown's authority or to return the proceeds of the note. Such action constitutes a ratification and is binding upon the corporation. Our statement in *Cleburne County Bank* v. *Butler Gin Co.*, 184 Ark. 503, 42 S.W.2d 769 (1931) is precisely in point:

> It is well settled, as a general proposition, that the president and secretary of a corporation are not empowered to bind it by their signatures to commercial paper unless such authority is expressly conferred by the charter or by the board of directors. *City Elec. St. Ry. Co.* v. *First Nat. Bank*, 62 Ark. 33, 34 S.W. 89, 31 L.R.A. 535, 54 Am. St. Rep. 282, and authorities there cited. See also *Anderson-Tully Co.* v. *Gillett Lbr. Co.*, 155 Ark. 224, 244 S.W. 26. This rule, however, is subject to important qualifications, one of which is that where the act is performed by the officers through whom the corporation usually functions and results in benefit to the corporation, it will be bound where the transaction was had under circumstances by which knowledge might be imputed to it. Where the unauthorized act of officers is clearly beneficial to the

corporation, slight circumstances will be sufficient to impute knowledge and will effect a ratification of that act. *City Elec. St. Ry. Co.* v. *First Nat. Bank, supra; Anderson-Tully Co.* v. *Gillett Lbr. Co., supra; Love* v. *Metro. Church Assn.,* 181 Ill. App. 102; *Washington Savings Bank* v. *B. & D. Bank,* 107 Mo. 133, 17 S.W. 644, 28 Am. St. Rep. 405; *Knowles* v. *N.T.T. Co.,* (Tex.) 121 S.W. 232. Especially is this true where the other party to the transaction has acted in good faith, and a repudiation of the transaction will result in harm and disadvantage to him.

■■ Appellant's second assignment of error has consumed a good deal of our time in conference. Before discussing the point, it is necessary for us to summarize the applicable code provisions. Ark. Stat. Ann. § 85-3-401 (Add. 1961) provides that no person shall be liable on an instrument unless his signature appears on the instrument. That section further provides that a signature is made by use of any name, including any trade or assumed name, upon an instrument, or by any word or mark used in lieu of a written signature. The comments to § 85-3-401 indicate that a signature may be handwritten, typed, printed, or made in any other manner. The comments also indicate that the signature could validly appear in the body of the instrument, as in the case of "I, John Doe, promise to pay . . ." without any other signature.

■ Ark. Stat. Ann. § 85-3-403 provides that a signature may be made by an agent or other representative. Comment 2 to this section contains language pertinent to this case. The comment indicates that even though an agent is authorized to sign, *"the principal is not liable* on the instrument, under the provisions (Section 3-401) relating to signatures, unless *the instrument names him [the principal] and clearly shows that the signature is made on his [the principal's] behalf."* The appellant tacitly admits that the typing of "Evelyn Hills Pharmacy" rather than "Evelyn Hills Pharmacy, Inc.," was sufficient to name the principal. However, the appellant in this point of appeal strongly argues that the signature "Richard A. Brown" followed by the printed word "borrower" does not clearly show that the signature was on behalf of the purported principal, and therefore, the principal is not liable according to Comment 2. The appellant is factually correct but we choose not to reach the result suggested

by the comment.

Here, Richard A. Brown, the purported agent was not sued. The sole issue is whether the principal, Evelyn Hills Pharmacy, Inc. is liable on the note. The problem with the code comment is discussed in J. White & R. Summers, *Uniform Commercial Code*, 49-92 (2d ed. 1980):

> In at least one type of case (discussed more fully in Section 13-5), the Code is unclear on the principal's liability. Assume the agent reveals *either his agency status or the name of the principal but not both* and later successfully frees himself from personal liability in a suit by an immediate party by proving that he acted in an agency capacity. When the agent is free of liability in such case, is the principal nonetheless liable although his name does not appear on the instrument and the instrument does not reveal the agency status of the one who signed as his agent? Section 3-401(1) would seem to indicate that the principal is not liable since his signature does not appear on the instrument. Comment 2 to 3-403 reinforces that conclusion and seems to apply even when the agent names the principal: "Even though he [the agent] is authorized the principal is not liable on the instrument, under the provisions (Section 3-401) relating to signatures, unless the instrument names him [the principal] and clearly shows that the signature is made on his [the principal's] behalf." The rule is clear, yet there is something fundamentally unfair about letting the agent weasel out of the apparent agreement on the note without at least holding the principal liable; in such case the payee is left with a wholly worthless instrument. Yet in the face of 3-401 and Comment 2 to 3-403 we see no way to avoid that conclusion.

We choose not to reach such a fundamentally unfair result.

In an action between the immediate parties to the instrument, Ark. Stat. Ann. § 85-3-403(2)(b) allows an agent who has signed a negotiable instrument to introduce parole evidence to establish that personal liability on his part was not intended. *See* R. Hillman, J. McDonnell & S. Nickles, *Common Law and Equity Under the Uniform Commercial Code* § 1.04[4]

(1985). If parole evidence may be used to limit liability of an agent, then every reason exists to allow its use to show that the immediate parties intended for the named principal to be liable. The parole evidence in this case convinces us that all parties to the transaction intended that the pharmacy be liable as principal because part of the proceeds were used to retire an earlier corporate note and the remaining $20,000.00 was deposited in the pharmacy's account. The parole evidence is also binding against the guarantor, Colwell, since he acquiesced in the entire transaction. Accordingly, we hold the pharmacy liable as principal.

Appellant's final argument is that appellant Colwell agreed to guarantee the pharmacy's notes "up to the sum of $20,000.00," but the note at issue was in the original amount of $28,433.72, and therefore the terms of the obligation were changed and appellant is not liable. The short answer to the argument is that the terms of the obligation were not changed. Neither the note nor the guaranty was modified or altered in any manner, and appellant's liability is for a lesser amount than the guaranteed amount.

Affirmed.

NEWBERN, J., not participating.