Raymond BEAN *v.* John NELSON and Maxine Nelson, Husband and Wife

91-82                                          817 S.W.2d 415

Supreme Court of Arkansas
Opinion delivered October 21, 1991

*Woolsey & Wilson*, by: *Bruce R. Wilson*, for appellant.

*Roderick H. Weaver*, for appellee.

DONALD L. CORBIN, Justice. This appeal originated in the Johnson County Court when, pursuant to Ark. Code Ann. § 27-

66-401 (1987), appellees filed a petition to establish a private road from appellant's land to a public road. The Johnson County Court appointed three viewers to lay out the road and determined appellant's damages at $500.00. Appellant appealed to the Johnson County Circuit Court which affirmed the county court's decision. Appellant appeals to this court claiming three requirements of section 27-66-401 were not satisfied. We find no error and affirm. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 29(1)(c).

We consider the evidence in the light most favorable to appellees and affirm unless the decision of the trial court is clearly erroneous. Ark. R. Civ. P. 52; *Armstrong* v. *Harrell*, 279 Ark. 24, 648 S.W.2d 450 (1983). As viewed most favorably to appellees, the evidence produced at trial reveals the parties own adjacent forty-acre tracts of land. Appellant's property lies to the west of appellees' property. A strip mine runs along the northern one-half of appellees' land and continues in a south-westerly direction onto part of appellant's land. Cole Creek Road is a public road running east and west on the north side of the strip mine. Another public road, Cove Creek Road, runs north and south down the middle of appellant's property and intersects Cole Creek Road. Also on appellant's land is a road running in a northeasterly direction from Cove Creek Road to the boundary line between appellant's and appellees' properties. This road was first used by previous generations of appellees' family to access their home and was most recently used by appellant as a logging road to haul timber off his land. This is the road which appellees sought to establish pursuant to section 27-66-401.

Section 27-66-401 provides as follows:

> When the lands, dwelling house, or plantation of any owner is so situated as to render it necessary to have a private road from such lands, dwelling house, or plantation to any public road or navigable watercourse over the lands of any other person and the other person refuses to allow that owner the private road, then it shall be the duty of the county court to appoint viewers to lay off the road, provided the owner:
>
> (1)   Gives notice to such person twenty (20) days before application to the court;

(2) Petitions the court;

(3) Shows necessity for the private road;

(4) Shows that the person refuses to allow the road; and

(5) Deposits with the clerk of the court sufficient money to pay all costs and expenses accruing on account of the petition, notice, view, and survey of the private road.

Appellant's first argument on appeal is that the trial court erred in finding appellees had shown a necessity for the roadway as required by section 27-66-401. Appellant argues the statute requires appellees to be "landlocked" in order to show the necessity of the requested road and that appellees have failed to show such a necessity in that appellees have access to their property from the east. Appellant also claims he offered appellees access to the southern part of their property via a road on the southern border of his property. Because appellees have a means of accessing their property other than the requested road, appellant asserts they failed to show the requested road is a necessity. Appellant supports this claim by citing *Armstrong* v. *Harrell*, 279 Ark. 24, 648 S.W.2d 450 (1983). In *Armstrong*, we affirmed the trial court's order denying appellant's petition to establish a private road over appellee's property where the proposed road, although less costly, inconvenienced the appellee school district because it intersected a school parking lot and endangered the school children; in addition, the proposed road would have benefited only appellant.

Appellees, on the other hand, assert that they are not required to show they have no other means of ingress and egress to their property. They also dispute the existence of the east entrance claimed by appellant. While they do recognize it would be possible to enter their land from the south via the alternative route offered by appellant, they point out this route would be very expensive and involve building a road on their land up a very steep grade as well as building a bridge across the strip pit. If appellees were allowed to access their property from the northern road already existing on appellant's land, they claim it would not cost them near as much because the land is flatter and the bridge across the strip pit is already existing on appellant's land.

■ "What the petitioner must show is a reasonable necessity for a road, not an absolute necessity." *Attaway* v. *Davis*, 288 Ark. 478, 480, 707 S.W.2d 302, 303 (1986). It is not required that appellees show an absolute necessity for the private road by showing that they had no other means of reaching the public highway. *Houston* v. *Hanby*, 149 Ark. 486, 232 S.W. 930 (1921).

On facts strikingly similar to the present case, we held in *Houston, supra*, that the trial court's finding that a proposed private road was necessary to enable appellee to haul logs to a public road was sustained by the evidence. The evidence revealed that the proposed road ran through appellant's cleared land, that an alternative route suggested by appellant was along a steep grade with sharp turns rendering it difficult for logging trucks to pass, and that the alternative route would be a great deal more costly to appellee.

■ In the present case, the trial court recognized the alternative routes available to appellees, but went on to find their requested road was necessary. Given the similarities between the present case and *Houston, supra*, we cannot say the trial court's finding that appellees' requested road was necessary was clearly erroneous.

As his second claim on appeal, appellant asserts the trial court erred in finding appellant refused to allow appellees a road across his lands. Appellant claims that because he offered them access to a road other than the one appellees requested, they failed to meet their burden under the statute. We do not agree.

■ Section 27-66-401 and section 27-66-401(4) speak in terms of "the" road. In other words, the statute requires appellees to show appellant refused them access to the specific road they requested, not merely that appellant refused them access to just any road on his land.

■ As we stated previously in *Houston, supra*, the fact that an alternative route is offered is not determinative of whether the requested road should be allowed under the statute. *See Houston*, 149 Ark. at 490-91, 232 S.W.2d at 932. As the alternative route is much more costly to appellees than their requested route, and as their requested route is of use to appellant as well as appellees, we cannot say the trial court was clearly erroneous in granting

appellees' petition for the requested road.

As his final point on appeal, appellant argues the trial court erred in fixing the location of the road in such a way that did not produce the least inconvenience to appellant. In support of this argument, appellant cites the following quotation from *Pippin* v. *May*, 78 Ark. 18, 21, 93 S.W. 64, 65 (1906):

> In determining whether such a road is necessary, the court must, of course, take into consideration, not only the convenience and benefit it will be to the limited number of people it serves, but the injury and inconvenience it will occasion the defendant through whose place it is proposed to extend it.

At the time this lawsuit was tried, the road requested by appellees was already existing on appellant's land and had been used by appellant for the purpose of allowing logging trucks and equipment access to the timber in the area. This is the same purpose for which appellees requested the use of this road. The three court-appointed viewers testified the requested road would be the best way for appellees to gain access to the north side of their property.

After considering all the evidence, including the report and testimonies of the three viewers, the trial court stated in its letter opinion:

> In view of the testimony, the Court further finds that the proposed roadway along the existing roadway which was placed on Mr. Bean's property for the removal of timber and which connects the Nelsons' property to a public roadway would be the best location. This roadway appears to the Court to be the most convenient and least injurious to all parties involved.

It is clear from this letter opinion that the trial court weighed all the correct factors. We cannot say the trial court was clearly erroneous in reaching its conclusion that the requested road was the least inconvenient to all parties involved. Accord-

ingly, we affirm the trial court's judgment granting appellees a private road over appellant's land.