Tamara NATION *v.* Bill AYRES and Carol Ayres,
Husband and Wife; Edward A. Allen and
Elizabeth Buchanan Allen, Husband and Wife

99-497                                               9 S.W.3d 512

Supreme Court of Arkansas
Opinion delivered February 3, 2000

*Andy E. Adams*, for appellant.

*Robert J. Gladwin*, for appellees.

DONALD L. CORBIN, Justice. This is an appeal from an order of the Washington County Circuit Court, finding that Appellees Bill and Carol Ayres and Edward and Elizabeth Allen were entitled to the establishment of a private road over property belonging to Appellant Tamara Nation. This case was certified to us from the Arkansas Court of Appeals as Appellant urges this court to overrule precedent dating from 1906. Our jurisdiction is thus pursuant to Ark. Sup. Ct. R. 1-2(b)(5). For reversal, Appellant argues that the court below erred in laying a private road across her property where the road did not produce the least inconvenience to her as required by Ark. Code Ann. § 27-66-402(c) (Repl. 1994). We find no error and affirm.

The record reflects that Appellant purchased land in rural Washington County in 1993. After conducting a title search, Appellant determined that there were no easements on the land. There was, however, an abandoned railroad bed running across Appellant's land. Appellees, who are adjacent landowners, are land-locked. Appellee Dr. Edward Allen testified that until 1993, he had traveled across the railroad bed in order to reach his land. At that time, however, Appellant placed a pile of rubble on the railroad bed to prevent his passage across the railroad bed.

Appellees subsequently filed a petition in the county court to establish a private road over Appellant's land. Pursuant to Ark. Code Ann. § 27-66-401 (Repl. 1994), the county court appointed three viewers to determine the necessity of a private road. After investigating three possible routes for a private road, the viewers determined that a path following the abandoned railroad bed would provide the least inconvenience to all parties involved. The county court recognized that the route suggested by the viewers would place the road near Appellant's home. Concerned with the inconvenience such a route might cause Appellant, the county court ordered the viewers to consider whether an alternative route could be brought in from County Road 33 and then intersect with the railroad bed farther away from Appellant's home. After reexamining this possibility, the viewers determined that such a route was not feasible because it was too steep and required a significant amount of dirt work and clearing.

■ The county court agreed with the determination of the viewers and ordered that the private road should follow the abandoned railroad bed. In reaching its conclusion, the court considered the benefit of the road to Appellees, as well as the inconvenience it would cause Appellant. To accommodate any inconvenience resulting from the road passing near Appellant's home, the court ordered that the road should narrow from thirty feet to twenty feet in the area near Appellant's home. Appellant was also awarded damages in the amount of $1,500.00. Appellant appealed the decision of the county court to the circuit court. After conducting a trial *de novo,* the circuit court upheld the order of the county court. This appeal followed. In reviewing this matter, we consider the evidence in a light most favorable to appellees and affirm unless the decision of the trial court is clearly erroneous. Ark. R. Civ. P. 52; *Bean v. Nelson,* 307 Ark. 24, 817 S.W.2d 415 (1991); *Armstrong v. Harrell,* 279 Ark. 24, 648 S.W.2d 450 (1983).

■ The circuit court relied on the controlling statutory provision, as well as this court's interpretation of that statute, in determining that a private road across Appellant's land was necessary. Section 27-66-402(c) governs the duties of viewers and provides as follows:

> If they or a majority of them shall be of the opinion that a private road is necessary and proper, as prayed in the petition, they

shall lay out the road in a manner that produces the least inconvenience to the parties through whose land the road shall pass.

This court's case law interpreting and applying this statute dates back to the decision in *Pippin v. May*, 78 Ark. 18, 93 S.W. 64 (1906). In *Pippin*, this court held:

In determining whether such a road is necessary, the court must, of course, take into consideration, not only the convenience and benefit it will be to the limited number of people it serves, but the injury and inconvenience it will occasion the defendant through whose place it is proposed to extend it. After considering all these matters, it is for the court to determine whether the road is, within the meaning of the law, necessary or not.

*Id.* at 21, 93 S.W. at 65. The rule as set forth in *Pippin* has been consistently followed by this court in all subsequent cases involving the establishment of a private road. *See, e.g., Bean*, 307 Ark. 24, 817 S.W.2d 415; *Castleman v. Dumas*, 279 Ark. 463, 652 S.W.2d 629 (1983); *Armstrong*, 279 Ark. 24, 648 S.W.2d 450; *Ahrens v. Harris*, 250 S.W.2d 938, 468 S.W.2d 236 (1971); *Riggs v. Bert*, 245 Ark. 515, 432 S.W.2d 852 (1968); *McVay v. Stupenti*, 227 Ark. 224, 297 S.W.2d 769 (1957); *Roth v. Dale*, 206 Ark. 735, 177 S.W.2d 179 (1944); *Mohr v. Mayberry*, 192 Ark. 324, 90 S.W.2d 963 (1936); *Houston v. Hanby*, 149 Ark. 486, 232 S.W. 930 (1921).

Appellant, however, now urges this court to overturn this line of cases. She argues that this court's interpretation of section 27-66-402(c) is an improper extension of the plain and ordinary meaning of the statute. Appellees argue in response that the trial court did in fact apply the correct standard in establishing the private road over Appellant's land. Appellees further argue that this court has previously held that where a statute has been construed and that construction consistently followed for many years, such construction should not be changed. *See O'Daniel v. The Brunswick Balke Collender Co.*, 195 Ark. 669, 113 S.W.2d 717 (1938). We agree with Appellees.

This court has held that a basic rule in construing a statute is to give consistent and uniform interpretations to that statute so that it does not mean one thing at one time and something else at another time. *Arkansas Dep't of Human Servs. v. Harris*, 322 Ark. 465, 910 S.W.2d 221 (1995). Furthermore, this court has

said that as time passes, the interpretation given a statute becomes a part of the statute itself. *Id*; *Gibson v. Gibson*, 264 Ark. 418, 572 S.W.2d 146 (1978).

Such reasoning certainly applies in the present situation. The language in section 27-66-402 is virtually identical to the language of the statute as it was originally enacted. Considering the fact that our case law on this subject has been consistent for almost one hundred years, logic dictates that if the General Assembly believed that we were incorrectly interpreting the statute, it would have taken the opportunity to draft new statutory language to prevent such an incorrect interpretation. This court has often held that the General Assembly is presumed to have enacted a law with full knowledge of court decisions on the subject, and enacted the law with reference to those decisions. *Harris*, 322 Ark. 465, 910 S.W.2d 221; *Smith v. Ridgeview Baptist Church, Inc.*, 257 Ark. 139, 514 S.W.2d 717 (1974); *J.L. McEntire & Sons, Inc. v. Hart Cotton Co., Inc.*, 256 Ark. 937, 511 S.W.2d 179 (1974). Appellant has failed to present a compelling argument warranting reversal of this court's case law. Accordingly, we decline to overturn our precedent.

Our review of this matter, however, does not end with our refusal to overturn precedent. Appellant argues in the alternative that our interpretation of the statute should not be applied to her case. Appellant contends that the trial court erred in placing the road as it did because there is another possible route coming off County Road 33 and intersecting with the railroad bed that would cause her less inconvenience. This court has previously rejected similar arguments, however. *See Bean*, 307 Ark. 24, 817 S.W.2d 415; *Castleman*, 279 Ark. 463, 652 S.W.2d 629. In *Bean*, this court upheld the circuit court's finding that a private road was necessary even though alternative routes were available, noting that such an alternative route would prove costly to the appellees. Likewise, in *Castleman*, this court rejected the appellant's contention that another route was available because there was no evidence in the record to support such a contention.

■ ■ Here, while Appellant did present some evidence regarding the location of another possible route across her land, such evidence was in conflict in the court below. One of the viewers testified that they considered this alternate route and determined that it was not feasible and that Appellant would only gain a

few extra feet from this route. The viewer further testified that it was obvious that the railroad-bed route had been in place and used as a road for some time, thus making it the best alternative for a private road. To the contrary, Appellant presented testimony of a contractor that such a route could be cleared for approximately $2,500.00. The contractor's testimony, however, was couched in general terms. This court has held that disputed facts and determinations of the credibility of witnesses are within the province of the factfinder. *Ford Motor Credit Co. v. Ellison*, 334 Ark. 357, 974 S.W.2d 464 (1998). The circuit court clearly gave more weight to the findings of the appointed viewer than to the testimony of the private contractor. Based on the evidence presented below, we cannot say that the circuit court clearly erred in determining that a private road following the railroad bed was necessary.

Affirmed.