The Honorable Robert T. Rogers, II Prosecuting Attorney Nineteenth Judicial District — East 301 West Trimble Post Office Box 536 Berryville, Arkansas 72616
Dear Mr. Rogers:
I am writing in response to your request for an opinion on the following questions:
 Does the County Judge have absolute discretion to deny an easement by necessity pursuant to A.C.A. §§ 27-66-401; 27-66-404? A secondary question is whether there are eminent domain considerations when the County Court issues such an order?
RESPONSE
In response to your first question, in my opinion the question of necessity is one for the county court to decide, after applying the appropriate analysis set out by the Arkansas Supreme Court. An appeal is afforded to either party in such actions. See A.C.A. § 27-66-403(b) (Repl. 1994). Any person aggrieved at the county court's denial in this regard may pursue his judicial remedies. To that extent, the county court's discretion is not "absolute." I am somewhat uncertain as to the focus of your second question. The statute at issue has been described as giving the county court the power of eminent domain to allow access to landlocked tracts. See Yates v. Sturgis, 311 Ark. 618, 846 S.W.2d 633
(1993). Damages are awardable to the owners of land affected by such actions. I am uncertain to what other "considerations" your second question refers. *Page 2 
Question 1 — Does the County Judge have absolute discretion to denyan easement by necessity pursuant to A.C.A. §§ 27-66-401; 27-66-404?
The applicable statutory subchapter, A.C.A. §§ 27-66-401 — to 404 was first adopted in 1871. Section 27-66-401 currently provides as follows:
 When the lands, dwelling house, or plantation of any owner is so situated as to render it necessary to have a private road from such lands, dwelling house, or plantation to any public road or navigable watercourse over the lands of any other person and the other person refuses to allow that owner the private road, then it shall be the duty of the county court to appoint viewers to lay off the road, provided the owner:
 (1) Gives notice to such person twenty (20) days before application to the court;
 (2) Petitions the court;
 (3) Shows necessity for the private road;
 (4) Shows that the person refuses to allow the road; and
 (5) Deposits with the clerk of the court sufficient money to pay all costs and expenses accruing on account of the petition, notice, view, and survey of the private road.
This section of the applicable subchapter makes it the duty of the county court[1] to appoint the viewers in question, assuming the petitioner has met the above requirements. *Page 3 
These aspects of the subchapter were summarized in Armstrong v.Harrell, 279 Ark. 24, 648 S.W.2d 450 (1983) as follows:
 The statute requires a petitioner to make a deposit sufficient to pay all costs and expenses and the county judge to appoint road viewers to examine the route proposed or any other route they deem proper. If the road viewers determine that a road is necessary, they are then required to lay out the road, make an estimate of the damages to the landowner and make a report of all of the above to the county court.
Id. at 25.
Section 27-66-403 then provides, as to the discretion of the county judge, that:
 (a) If, upon the return of the viewers, the court shall be of the opinion that it is necessary for the petitioner to have the road from his lands, dwelling house, or plantation to the public road, or navigable watercourse, an order shall be made establishing the road as a private road not exceeding thirty feet (30') wide. The petitioner may proceed to open the road, provided that the petitioner pays all costs and expenses accruing on account of the petition for the private road, and all things relating thereto and following therefrom, including the view and survey of the road and damages sustained by each owner of the lands over which the road passes.
 (b) Either party may appeal to the circuit court from the order within sixty (60) days from the rendition of the order and not thereafter.
Id. (Emphasis added).
The statute above gives the county court the authority to make an order establishing the road or, implicitly, to deny any such petition. The applicable standard to be applied in making such determinations has been discussed in several cases, the seminal case apparently beingPippin v. May, 78 Ark. 18, 93 *Page 4 
S.W. 64 (1906). See also, Armstrong v. Harrell, 279 Ark. 24,648 S.W.2d 450 (1983) and Burton v. Hankins, 98 Ark. App. 51, ___ S.W.3d ___ (2007).
In Pippin, one landowner petitioned the county court to establish a road over the land of another. The petitioner asserted that although he had an existing means of access from his house to a public road, he had to travel some three-quarters of a mile over swampy land and a road could be established as set out in his petition over high ground at only a quarter of a mile's distance. The county court denied the petition and the circuit court, upon appeal of the matter, affirmed the county court, concluding that an "absolute necessity" was required before the road could be established. The Arkansas Supreme Court reversed, stating:
 We agree with the circuit judge that the mere fact that the road that the petitioner now has is some longer than the one he seeks to have established does not justify the court in ordering this road opened if to do so will result in great injury and inconvenience to the defendant. But if the road that he now has is not only longer, but on account of the wet and swampy condition of the land across which it is located, is at certain seasons of the year boggy and difficult to travel and very expensive to keep in good condition, and if the proposed road is better located, and can be established without great injury to the defendant, we think that, within the meaning of the statute, it is necessary. If such are the facts, the petition should be granted, and viewers appointed to locate the road and assess the damages.
 In determining whether such a road is necessary, the court must, of course, take into consideration, not only the convenience and benefit it will be to the limited number of people it serves, but the injury and inconvenience it will occasion the defendant through whose place it is proposed to extend it. After considering all these matters, it is for the court to determine whether the road is, within the meaning of the law, necessary or not.
Id. at 21. (Emphasis added.) The court in Pippin reversed and remanded the matter for a new trial applying the standard set out above. *Page 5 
In answer to your first question, therefore, the question of necessity is one for the county court to decide, after applying the appropriate analysis set out by the Arkansas Supreme Court. As set out above, an appeal is afforded either party to the proceedings. A.C.A. §27-66-403(b). To this extent, therefore, the county court's discretion is not "absolute."
Question 2 — A secondary question is whether there are eminent domainconsiderations when the County Court issues such an order?
I am somewhat uncertain as to the focus of this question. The statutes about which you have inquired have been described as "giving the county court the power of eminent domain to allow access to landlocked tracts."See Yates v. Sturgis, 311 Ark. 618, 846 S.W.2d 633 (1993). See also,Pippin, supra (referring to former Kirby's Digest § 3010 (what is now A.C.A. § 27-66-401), as a "statute of eminent domain." Damages are awarded to the "owners of lands through which the road passes." A.C.A. § 27-66-402(d). I am uncertain to what other specific "considerations" your second question refers.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL
Attorney General
[1] As I recently stated in Op. Att'y Gen. 2007-009, "[t]he `county court' strictly speaking, is neither the `county judge' nor the quorum court. It is, however, presided over by one judge, the `county judge,' who, when so presiding, acts in a judicial, rather than an executive capacity. See Arkansas Constitution, art. 7, § 28 and A.C.A. §14-14-1105(a). . . . [I]t clearly still exists, and consists of the county judge, wearing a judicial hat." Id. at fn 3, quoting Op. Att'y Gen. 2006-011; 2004-139 and 1997-081.